SPONGE DIVERS' ASS'N, Inc., v. SMITH, KLINE & FRENCH CO.

(Circuit Court of Appeals, Third Circuit. February 27, 1920.)

No. 2488.

ASSIGNMENTS ⊂⟹100—ASSIGNEE CANNOT RECOVER ON ACCOUNT FOR GOODS PROP-ERLY REJECTED.

An assignee of a book account for merchandise sold *held* to acquire no right of action on the account against the purchaser, where the goods delivered were not of the kind ordered and the purchaser, in accordance with the usages of the trade, refused to receive them, and there was consequently no valid account to be assigned.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action at law by the Sponge Divers' Association, Incorporated, to the use of the Commercial Credit Company, against the Smith, Kline & French Company. Judgment for defendant, and plaintiff brings error. Affirmed.

See, also, 257 Fed. 328.

⊂⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Julius C. Levi, Alvin L. Levi, and David Mandel, Jr., all of Philadelphia, Pa., for plaintiff in error.

James Collins Jones, of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and MORRIS, District Judge.

BUFFINGTON, Circuit Judge. In this case, the Sponge Divers' Association, a corporation of Florida, brought suit to the use of the Commercial Credit Company, a corporation of Delaware, against Smith, Kline & French Company, a corporation of Pennsylvania, to recover $4,498.65, being a book account for sponges sold by plaintiff to defendant and which book account was assigned by the plaintiff to the use party. The defendant alleged in defense that sponges delivered to it by the plaintiff were not of the kind or quality ordered and that with the exception of a small quantity (which defendant had, by the custom of the sponge trade, retained, on opening up and examining the consignment, and for which it was willing to pay) the sponges were all returned to the plaintiff. This issue of whether the sponges were up to order requirement, and whether the defendant exercised its right of examination and of returning the sponges in due time to the plaintiff, was submitted to the jury, and the verdict, which was for the defendant, establishes that such was the case. We may add that, after the return of the sponges, the Sponge Divers' Association went into bankruptcy, and either it or its receiver, retained the same. It is therefore clear that as between the plaintiff, the Sponge Divers' Association, and the defendant, the measure of their relative rights was properly submitted to, and determined by, the jury's verdict, and no error was committed by the court in its charge submitting that branch of the case to the jury, for in point of fact no basis for a suit on a settled book account between those parties existed. For while the sponges were invoiced and delivered on the basis of creating an account, yet in point of fact, the sponges were not the sponges ordered, they were rejected and returned, and consequently no collectible book account existed. From the judgment entered on the verdict, the Commercial Credit Company, the use party, has taken this writ.

Without discussing the 19 assignments in error, we select the fourteenth, which fairly represents the contention of the use party, and the course which it alleges the court below erred in not following. The error assigned is the court's declining to affirm and read to the jury that point which was presented by the use party's counsel and which was:

"Where there has been an absolute assignment in good faith and for a valuable consideration of the whole interest of the assignor in a chose in action, the assignor's control over it ceases immediately after the assignment and notice, and he can do nothing thereafter to prejudice or defeat the rights of the assignee."

Now there was in this case an absolute assignment of the book account by the Sponge Company to the Credit Company. It was made in good faith. It was for a valuable consideration, and it con-

veyed the Sponge Company's whole interest in the account and its control over it, and to that extent the point represented the facts. But, unless there was a valid account to be assigned, liability of the defendant was not created by the facts stated in the point; and that is just where, in the face of the proofs and the finding of the jury, the use party's alleged rights do not exist. Its right was to a book account, and if no sale was effected, if the goods ordered were never delivered, and those delivered were properly rejected, because they were not the goods of the contract of sale, then and in that event there was no sale, there was no enforceable book account in existence to assign, the Sponge Company had nothing to assign, and the assignee of what there was no power to assign acquired no rights against the defendant, because the goods of the sale had never been delivered to it and a sale consummated.

Seeing, then, that the enforcement of any right of the use party in this case depended on the Sponge Company's consummation of a sale, and as that basic and essential prerequisite was found against the Sponge Company, its assignee of its alleged book account stands without right against the defendant in an action which is in affirmance of a sale. What injury, if any, was done the Credit Company by the defendant, if the latter returned to the Sponge Company the rejected sponges in face of notice from the Credit Company of its interest, is a matter not before us, and on which we therefore express no view.

The judgment below will be affirmed.