## CLARVIT v. J. G. WHITE ENGINEERING CORPORATION (PRELOAD CO., Third-Party Defendant).

District Court, S. D. New York.

Feb. 7, 1945.

Tippett, Cotter & Carey, of New York City (William P. Cotter, of New York City, of counsel), for third-party defendant, Preload Co.

Glenney, Mathews & Hampton, of New York City (Michael A. Hayes, of New York City, of counsel), for defendant and third-party plaintiff, J. G. White Engineering Corporation.

COXE, District Judge.

The third-party complaint in this case does not seek to hold Preload Company as a joint tort-feasor, but rather as an indemnitor on a remedy over; it is not, therefore, open to objection under Brown v. Cranston, 2 Cir., 132 F.2d 631, 148 A.L.R. 1178, certiorari denied. Cranston v. Thompson, 319 U.S. 741, 63 S.Ct. 1028, 87 L.Ed. 1698. See Tomko v. City Bank Farmers Trust Co., D.C., 3 F.R.D. 31. Whether the White Company is entitled to any benefit from the liability clauses of the contract between the Government and

Preload Company is doubtful, but that question can best be determined at the trial after the facts have been shown. The allegations of the third-party complaint still remain, however, to the effect that the White Company was, at most, guilty only of passive or secondary negligence, and the Preload Company guilty of primary negligence. These allegations, if proved, are enough under the New York authorities. Oceanic Steam Navigation Co. v. Compania Transatlantica Espanola, 134 N.Y. 461, 31 N.E. 987, 30 Am.St.Rep. 685; Phœnix Bridge Co. v. Creem, 102 App.Div. 354, 92 N.Y.S. 855, affirmed 185 N.Y. 580, 78 N.E. 1110; Schwartz v. Merola Bros. Construction Corp., 290 N.Y. 145, 48 N.E.2d 299. The motion of the third-party defendant, Preload Company, to dismiss the third-party complaint is denied.