HUBSHMAN et al. v. RADCO, Inc., (E. W. KENNGOTT CO., Inc., et al., Third-Party Defendants).

Civ. 38–8.

District Court, S. D. New York.

Jan. 29, 1947.

Austrian & Lance, of New York City (George H. Schwartz, of New York City, of counsel), for defendant-third-party plaintiff.

Nathan J. Stein, of New York City, for third-party defendants.

GODDARD, District Judge.

This is a motion by the third party defendants to dismiss a third party complaint, or in the alternative, for a bill of particulars to supplement the third party complaint.

The plaintiffs in their complaint allege in substance that E. W. Kenngott Company, Inc., a corporation, sold and delivered to the defendant Radco, Inc., certain merchandise which it is alleged Radco, Inc. accepted in the amount of $42,000. It is further alleged that E. W. Kenngott Company, Inc. assigned the monies due on the alleged sale to individuals Kenngott and Norris, a partnership under the name of E. W. Kenngott Company, and that prior to the commencement of this action E. W. Kenngott Company assigned the cause of action to the plaintiffs herein.

This action was commenced in the Supreme Court of the State of New York for the County of New York and then was removed to this court. Radco, Inc., upon an ex parte application prior to serving its answer, obtained leave to file a third party summons and complaint against E. W. Kenngott Company, Inc., a corporation, and E. W. Kenngott and James E. Norris, individuals and as a partnership.

The third party complaint alleges five causes of action.

The first cause of action alleges that E. W. Kenngott Company, Inc. entered into a contract with the defendant Radco, Inc. to sell a certain quantity of sapphire phonograph needles at a stated price; that various representations and warranties were made in order to induce defendant to enter into the contract; that defendant Radco, Inc. made known the particular purposes for which the needles were required and it relied upon E. W. Kenngott Company, Inc.'s skill and judgment; that it relied upon the representations and warranties as made; that the representations and warranties were false and untrue and that E. W. Kenngott Company, Inc. as well as the individuals E. W. Kenngott and James E. Norris knew the representations and warranties to be false; that pursuant to the contract samples were delivered to Radco, Inc. which samples were found not to be as warranted or of merchantable quality; that Radco, Inc. refused to accept delivery and E. W. Kenngott Company, Inc. failed to perform the contract on its part; that thereafter E. W. Kenngott Company, Inc. claimed it manufactured and delivered to defendant Radco, Inc. a large quantity of needles pursuant to the contract; subsequently Radco, Inc. was notified by plaintiffs that the accounts receivable for the needles claimed to have been delivered, had been assigned to them; that Radco, Inc. then notified plaintiffs as well as E. W. Kenngott Company, Inc.; that it had not received any deliveries under the contract and was not liable to the plaintiffs, their assignors, E. W. Kenngott and James E. Norris, or the preceding assignor E. W. Kenngott Company, Inc., the corporation.

The third party complaint then goes on to allege that prior to June 20, 1946 negotiations were had between Radco, Inc., the plaintiffs, E. W. Kenngott Company, Inc., E. W. Kenngott, James E. Norris, as partners in E. W. Kenngott Company; that thereafter E. W. Kenngott Company, Inc. and E. W. Kenngott and James E. Norris, doing business as E. W. Kenngott Company, represented and warranted that they were authorized by the plaintiffs to cancel all obligations arising under the contract including the assignments of the alleged accounts receivable; thereafter Radco Inc. and E. W. Kenngott Company, Inc. by James E. Norris, its president, entered into a second contract cancelling the original contract; that Radco, Inc. performed all the terms and conditions of the contract. The defendant Radco, Inc. then asks that it be allowed to recover from E. W. Kenngott Company, Inc., E. W. Kenngott, James E. Norris, E. W. Kenngott Company all sums that may be adjudged against it.

The original complaint and the first cause of action of the third party complaint show that the plaintiffs are suing the defendant for recovery of the accounts receivable, and the defendant in turn is suing the third party defendants on a breach of warranty in the sale of goods and on the grounds of a contractual release from any liability which may have existed.

■ The Federal Rule of Civil Procedure governing third party practice should be liberally construed, to the end that circuity of action may be avoided and that disputed jural relationships growing out of the same matter may be resolved in one action. Balcoff v. Teagarden et al., D.C.,

36 F.Supp. 224; Eastman Kodak Co. v. McAuley, D.C., 2 F.R.D. 21.

It is clear from the pleadings that unless there was a valid account to be assigned liability of the defendant was not created. This is the very question raised by the first part of the third party complaint. See Sponge Divers Ass'n v. Smith, Kline & French Co., 3 Cir., 263 F. 70. These claims are so interrelated that to permit them to be tried together would be expeditious and prevent a circuity of suits. Fruit Growers Co-op v. California Pie & Baking Co., D.C., 2 F.R.D. 415; Sussan v. Strasser, D.C., 36 F.Supp. 266; United States v. Jollimore, D.C., 2 F.R.D. 148.

The second and third causes of action are based on alleged contracts of indemnity between defendant and third party defendants. The fourth cause of action appears to be based upon the same facts but recovery sought on the theory of an implied in law indemnity agreement exists between defendant and third party defendants. The fifth cause of action is one for unjust enrichment.

This third party plaintiff may seek recovery on more than one theory. Crim v. Lumbermens Mut. Casualty Co., D.C., 26 F.Supp. 715; and is not objectionable because it pleads a short and plain statement of the claim. Foley-Carter Ins. Co., Inc., v. Commonwealth Life Ins. Co., 5 Cir., 128 F.2d 718; Moore's Federal Practice, Vol. 1, Sec. 8.07.

Therefore this court is of the opinion that the allegations present a situation which is clearly within the scope of Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Clarvit v. J. G. White Engineering Corporation, D.C., 7 F.R.D. 143; People of the State of Illinois v. Maryland Casualty Co., D.C., 2 F.R.D. 241, affirmed 7 Cir., 132 F. 2d 850; Carbola Chemical Co. v. Trundle Engineering Co., D.C., 3 F.R.D. 500.

The motion to dismiss the third party complaint is denied.

The alternative motion for a bill of particulars is denied with the exception that the defendant should state what "negotiations" are referred to in paragraph 15 of the third party complaint and the date or dates of the alleged negotiations. The other information desired does not appear to be necessary for the third party defendants to serve an answer; if needed to prepare for trial resort may be made to discovery under the Federal Rules of Civil Procedure.

Settle order on notice.