UNITED STATES of America,
Appellant,

v.

CRAWFORD PACKING COMPANY,
Appellee.

No. 20110.

United States Court of Appeals
Fifth Circuit.

March 3, 1964.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Tax Div., Dept. of Justice, Washington, D. C., Woodrow B. Seals, U. S. Atty., Houston, Tex., George F. Lynch, I. Henry Kutz, Attys., Tax Div., Dept. of Justice, Washington, D. C., John H. Baumgarten, Asst. U. S. Atty., for appellant.

Eli Mayfield, Palacios, Tex., Joseph J. Lyman, Washington, D. C., for appellee.

Before TUTTLE, Chief Judge, and RIVES and MOORE,* Circuit Judges.

RIVES, Circuit Judge.

This case, tried before the district court without a jury, presents the question of whether fishermen (captains and deck hands) operating shrimp fishing boats owned by taxpayer were its employees for purposes of the Federal Insurance Contributions Act (FICA) and the Federal Unemployment Tax Act (FUTA) within the meaning of sections 3121 and 3306 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 3121 and § 3306. The district court, after a full trial, entered its findings of fact and conclusions of law.[1] It concluded that for the purposes of the two Acts the

---

* Of the Second Circuit, sitting by designation.

1. Which we are asking the district court to have published. 228 F.Supp. 549.

fishermen were not employees of the taxpayer.

For purposes of both Acts the determination of who is an employee is to be made "under the usual common-law rules applicable in determining the employer-employee relationship." Section 3121(d)(2); section 3306(i)(1). That language was first added to the predecessor sections [2] by the Joint Resolution of June 14, 1948, c. 468, 62 Stat. 438, directed at proposed regulations of the Treasury Department and the Social Security Agency which would have imported a concept of "economic reality" into the determination of the employer-employee relationship.[3] That concept had been borrowed from prefatory remarks in United States v. Silk, 1947, 331 U.S. 704, 67 S.Ct. 1463, 91 L.Ed. 1757, and from a dictum in Bartels v. Birmingham, 1947, 332 U.S. 126, 57 S.Ct. 1547, 91 L.Ed. 1947.[4]

The legislative history contained in Senate Report No. 1255, 80th Cong., 2d Sess., 2 U.S.Code Cong.Service, 1948, pp. 1752–1775, shows an emphatic rejection of the "economic reality" concept, but an approval of the Supreme Court decisions as they were interpreted by the Committee.[5]

Thereafter, Treasury Regulations on Employment Tax (1954 Code) relating to the Federal Insurance Contributions Act, § 31.3121(d)–1 (c) provided:

"(c) *Common law employees.* (1) Every individual is an employee if under the usual common law rules the relationship between him and the person for whom he performs services is the legal relationship of employer and employee.

"(2) Generally such relationship exists when the person for whom services are performed has the right to control and direct the individual who performs the services, not only as to the result to be accomplished by the work but also as to the details and means by which that result is accomplished. That is, an employee is subject to the will and control of the employer not only as to what shall be done but how it shall be done. In this connection, it is not necessary that the employer actually direct or control the manner in which the services are performed; it is sufficient if he has the right to do so. The right to discharge is also an important factor indicating that the person possessing that right is an employer. Other factors characteristic of an employer, but not necessarily present in every case, are the furnishing of tools and the furnishing of a place to work, to the individual who performs the services. In general, if an individual is subject to the control or direction of another merely as to the result to be accomplished by the work and not as to the means and methods for accomplishing the result, he is an independent contractor. An individual performing services as an independent contractor is not as to such services an employee under the usual common law rules. * * *

"(3) Whether the relationship of employer and employee exists under the usual common law rules will in doubtful cases be determined upon an examination of the particular facts of each case."

2. Sections 1426(d) and 1607(i) Internal Revenue Code of 1939.

3. "Under the proposed regulation an 'employee' is 'an individual in a service relationship who is dependent as a matter of economic reality upon the business to which he renders service and not upon his own business as an independent contractor.'" 2 U.S.Code Cong.Service (1948), p. 1762.

4. 2 U.S.Code Cong.Service (1948), p. 1766.

5. "In view of your committee these decisions affirm that the usual common-law rules, realistically applied, must be used to determine whether a person is an 'employee' for purposes of applying the Social Security Act. And properly interpreted they should resolve the conflict of lower court decisions and encourage nation-wide uniformity of application of the act." 2 U.S.Code Cong.Serv. (1948), p. 1758.

Provisions practically identical were made in the Regulations relating to the Federal Unemployment Tax Act, § 31.-3306(1)–1(b) and (c).

There is no difficulty in finding that the question of who is an employee is to be determined under usual common-law rules, but there is great difficulty in applying those rules. The hope of Congress that the Supreme Court decisions would "encourage nation-wide uniformity of applications of the act" (footnote 5, supra) has not been fully realized. Upon similar facts the District Court of the Southern District of Mississippi has held that, for the purposes of the two Acts, shrimp fishermen were not employees. Williams Packing & Navigation Co. v. Enochs, D.C., 1959, 176 F.Supp. 168. That decision was affirmed by this Court. Enochs v. Williams Packing & Navigation Co., 5 Cir. 1961, 291 F.2d 402. The Supreme Court reversed the judgment of this Court and remanded the case to the district court with directions to dismiss the complaint. Enochs v. Williams Packing & Navigation Co., 1962, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292. The Supreme Court's decision was based on jurisdictional grounds not here applicable and it discussed the merits only for the purpose of determining "whether the Government has a chance of ultimately prevailing." On that question it held: "The record before us clearly reveals that the Government's claim of liability was not without foundation." (370 U.S. at 8, 82 S.Ct. at 1129, 8 L.Ed.2d 292.) It did authoritatively settle that the common-law test as interpreted in the Silk case is applicable:

"Respondent corporation (hereinafter referred to as Williams) is engaged in the business of providing trawlers to fishermen who take shrimp, oysters and fish off the Louisiana and Mississippi coasts. It is the Government's position that these fishermen are the corporation's employees within the meaning of §§ 1426(d) (2) and 1607(i) of the Internal Revenue Code of 1939, 26 U.S.C. (1952 ed.), and §§ 3121(d) (2) and 3306i(i) of the Internal Revenue Code of 1954. These sections specifically adopt the common-law test for ascertaining the existence of the employer-employee relationship. As stated in United States v. Silk, 331 U.S. 704, 716 [67 S.Ct. 1463, 91 L.Ed. 1757], 'degrees of control, opportunities for profit or loss, investment in facilities, permanency of relation and skill required * * * are important for decision [under these statutes].' If, under the involved circumstances of this case, the fishermen were employees, respondent Williams is admittedly liable for social security and unemployment taxes for the years in question." (370 U.S. 3, 82 S.Ct. at 1127, 8 L.Ed.2d 292.)

Also since the Supreme Court's decision in the Williams Packing & Navigation Company case, the Southern District of Alabama has held, under similar facts, that captains and crews of fishing vessels were not employees of the owners of the vessels within the Acts. Star Fish & Oyster Company v. United States, S.D. Ala.1963, 223 F.Supp. 402. On the other hand, an unreported opinion by Commissioner Maletz of the Court of Claims, filed January 24, 1963, in Cape Shore Fish Co., Inc. v. United States, involving a boat fishing for scallops, has sustained the owner's liability for social security and unemployment taxes with respect to the captain and crew of the vessel under sections 1426 and 1607 of the 1939 Code. Commissioner Maletz commented upon the findings and conclusions of the district court in the present case, and called attention that, "the decision in Williams Packing upon which the conclusion in Crawford Packing was based has since been vacated and remanded by the Supreme Court with direction to dismiss for lack of jurisdiction. 370 U.S. 1 [82 S.Ct. 1125, 8 L.Ed.2d 292] (1962)." The opinion also stated, in a footnote: "The facts in Crawford Packing differed in material respect from the facts here. Furthermore, a Texas jury

had previously reached an opposite conclusion on facts similar to those in Crawford, finding that crews on shrimp boats operating in the Gulf of Mexico were employees of boat owners. Clegg v. United States (SD Tex. decided November 29, 1961—Jury verdict, not reported)." In three similar cases in the Southern District of Florida, Miami Division, decided on March 5, 1962, just before the Supreme Court's decision in the Williams Packing & Navigation Company case, jury verdicts were returned in favor of the taxpayers—Tampa Shrimp Co., Southland Shrimp Company, and C. L. & S. Shrimp Company.

In line with Commissioner Maletz's opinion is an opinion of the District Court for the District of Maine reported as Capital Trawlers, Inc. v. United States, D.C., 1963, 216 F.Supp. 440, affirmed per curiam by the Court of Appeals for the First Circuit on December 3, 1963, 324 F.2d 506. The district court's opinion in the Capital Trawlers case noted that the relationship was materially different from that held not to constitute employment in the present case:

"Since each case is to be governed by its own special facts, cases involving different factual situations provide little guidance. However, it is appropriate to point out that the relationship between plaintiffs and the captains and members of the crews of the fishing vessels involved in these actions was substantially identical to the relationships held to constitute employment relationships under the Federal Insurance Contributions Act and the Federal Unemployment Tax Act in O'Hara Vessels, Inc. v. Hassett, 60 F.Supp. 672 (D.Mass.1942) and Cape Shore Fish Co. v. United States, No. 120–59, Ct. Cl., Jan. 24, 1963 (Commissioner's Opinion). It was materially different from the relationships held not to constitute employment relationships under the same statutes in Williams Packing & Navigation Co.

v. Enochs, 176 F.Supp. 168 (S.D. Miss.1959), aff'd, 291 F.2d 402 (5th Cir., 1961), rev'd on other grounds, and remanded with directions to dismiss the complaint, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), and Crawford Packing Co. v. United States, Civ. No. 2773, S.D.Tex., June 29, 1962, appeal pending." (216 F.Supp. at 445.)

In applying the common-law tests of the employer-employee relationship, it was clearly open to the district court to hold that for the purposes of the two Acts the fishermen were employees of the taxpayer. It is, however, obvious from its findings that the district court had the common-law tests clearly in mind. For example, it found that the taxpayer "had no right to and did not instruct the crews as to their work or how or in what manner to accomplish it"; that the taxpayer had "the right to control the results of the captain's work and interfered in the process to some degree to assure a proper result from the undertaking"; and it further found "no substantial evidence of any effort on part of the plaintiff to control the captain and crew members to such an extent that their status would be one of employee rather than one of independent contractor."

■■ The question presented is one of mixed law and fact. Whether the applicable statutes and regulations are such as to preclude the decision of the district court is a question of law reviewable on appeal. So far as the fact elements can be separated we are bound by the clearly erroneous rule. If, as may often happen in this kind of case, the facts had been found by a jury, the scope of review would be even more strictly limited by the substantial evidence rule. The Supreme Court noted in Trust under the Will of Bingham v. Commissioner, 1945, 325 U.S. 365, 370, 65 S.Ct. 1232, 1235, 89 L.Ed. 1670:

"And even when they are hybrid questions of 'mixed law and fact,' their resolution, because of the fact

element involved, will usually afford little concrete guidance for future cases, and reviewing courts will set aside the decisions of the Tax Court only when they announce a rule of general applicability, that the facts found fall short of meeting statutory requirements."

In the present case we cannot set aside the district court's findings of fact as clearly erroneous. Rule 52(a), Fed.R.Civ.P. Its judgment is therefore

Affirmed.