**UNITED STATES of America,
Appellant,**

v.

**George M. EGBERT et al., Appellees.**

**No. 22600.**

United States Court of Appeals
Fifth Circuit.

July 20, 1965.

Louis F. Oberdorfer, Asst. Atty. Gen., Meyer Rothwacks, Atty., Dept. of Justice, Washington, D. C., James R. Gough, Asst. U. S. Atty., Houston, Tex., for appellant.

Joseph J. Lyman, Washington, D. C., Robert L. Hines, Galveston, Tex., for appellees.

Before TUTTLE, Chief Judge, and JONES and BROWN, Circuit Judges.

PER CURIAM.

It is ordered that the motions of appellees to dismiss the appeal in the above entitled and numbered cause be, and the same are hereby granted and the appeal is

Dismissed.

JOHN R. BROWN, Circuit Judge (concurring):

I concur, but not without substantial misgivings. Serious doubts about the trial Court's dismissal of the Government's third party impleader as improper under F.R.Civ.P. 14(a), and the likelihood that this may increase the labors of an overtaxed Court by an abortive trial generates more doubts on appeal-

ability under F.R.Civ.P. 54(b). Although there is no "final judgment" [1] finally disposing of the merits of any claim valuable procedural rights are, or may be, involved of a character to bring it within the "collateral order" rule [2] or the expanding concept of real, actual practical finality.[3]

The "right" of the Government to have this employer withholding tax refund case tried before a single jury which would simultaneously resolve the inherently conflicting theories of the plaintiff shrimp vessel owners and the impleaded captains-independent contractors [4] is a valuable one in a practical sense. Indeed, it is so valuable that unless tried together, the Government can lose both cases. On the other hand, the "right" of the Taxpayer-Plaintiff to run its own lawsuit before a jury chosen for one case, not two, is equally valuable to them. The fact remains that there is one decisive issue: are the captains and crew members employees of the vessel-owner operator? Or employees of the captain acting as an independent contractor? Despite our ingrained notions of an Article III case and controversy and the traditional notion that litigation is somehow the private domain of the litigants, resolution of this common question under procedures which may likely produce contradictory results is not the search for truth. This is not the quest of justice under law. This is a game.

Of course, balancing of these "rights" does not necessarily turn on whether impleader is allowed. For the record and the trial Court's order show that the dismissal was without prejudice to the Government's right, after instituting a separate suit against the third parties,

---

1. Bush v. United Benf. Fire Ins. Co., 5 Cir. 1963, 311 F.2d 893.

2. The concept of finality has, of course, been imbued with significant strands of elasticity in the "collateral order" cases. Cohen v. Beneficial Loan Indus. Corp., 1949, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528.

3. See United States v. Wood, 5 Cir., 1961, 295 F.2d 772, 778 and cases cited; Auer-

bach v. United States, 5 Cir., 1965, 347 F.2d 742 (dissenting opinion) [June 18, 1965]; see also Gillespie v. United States Steel Corp., 1964, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199.

4. The Taxpayer Plaintiff is pursuing the theory adopted by the jury verdict which we upheld in United States v. Crawford Packing Co., 5 Cir., 1964, 330 F.2d 194.

to move for consolidation, F.R.Civ.P. 42 (a).[5] And the Judge volunteered that the reasons advanced by the Government (same tax, same people) might be persuasive on such a motion. But a matter as delicate as a trial Court's discretion to permit or deny a single joint trial might well go off on who had the burden of persuasion. With impleader permitted, the Taxpayer-Plaintiff would have to move for separate trial. If separate suits are required, the Government would have to seek consolidation for trial.

Declining to treat this as a "final" judgment even though strengthened by the 54(b) certificate means that this matter is still within the bosom of the trial Court. Correctness of the denial of impleader must await the trial and appeal from that judgment. Cf. Nettles v. General Acc. Fire & Life Assur. Corp., 5 Cir., 1956, 234 F.2d 243. If at that stage we were to reverse, that trial would have been fruitless.

In view of the likelihood of an abortive trial, this situation calls for the exercise of imaginative, judicial inventiveness[6] to avoid useless imposition on a Court as overburdened as the Southern District of Texas. Several courses were —and for that matter still are—open. First, since the impleaded third party defendants entered an appearance and successfully moved to dismiss it, the third party complaint satisfied all that the rules require to constitute an original, protective suit by the Government against these vessel captains. F.R.

Civ.P. 8(a). If it was thought that anything was to be gained by filing a separately numbered and docketed complaint against these same persons as defendants, deferring a ruling on the motion to dismiss the third party complaint until those suits were filed would have enabled the trial Court to exercise its discretion and determine whether, as indicated, consolidation for trial would be permitted. That would have washed out the problem of a third party complaint. Finally, with all of the uncertainties on "finality" and "appealability" this appears to have been an ideal case for certification as an interlocutory appeal under 28 U.S.C.A. § 1292(b). Indeed, this route is not yet foreclosed. For we have often held that even after denial by us of the requested relief,[7] the parties are free to resubmit the matter to the trial Court and if that Court entertains the resubmission, the ruling thereon can be made the subject of a timely interlocutory appeal if accompanied with the appropriate certificate.[8]

Of course, the Plaintiff is entitled to a trial, and without delay. But Federal Courts under pressure to handle a mounting load of urgent cases have the right, if not the duty, to husband carefully these precious and limited resources. A useless trial is a luxury none can afford.

Without abandoning the proven policy against piecemeal appeals, there surely must be a way here to obtain an authoritative ruling which will avoid that.

5. Even if impleader is allowed, F.R.Civ.P. 42(b) would empower the trial Judge to order a separate trial.

6. United States v. Mayton, 5 Cir., 1964, 335 F.2d 153, 162–163; Hill v. Federal Power Comm'n, 5 Cir., 1964, 335 F.2d 355, 364–365; Benson v. United States, 5 Cir., 1964, 332 F.2d 288, 292; Younger Bros. Inc. v. United States, S.D.Texas (3-Judge), 1965, 238 F.Supp. 859, 861–862.

7. E.g., mandamus, prohibition, or dismissal of appeal.

8. See Borskey v. American Pad & Textile Co., 5 Cir., 1961, 296 F.2d 894; In re Humble Oil & Refg. Co., 5 Cir., 1962, 306 F.2d 567 and cases there cited; Ex parte Tokio Marine & Fire Ins. Co. (Ex parte Aetna Cas. & Sur. Co.), 5 Cir., 1963, 322 F.2d 113.