**JOE GRASSO & SON, INC., a corpo-
ration, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

No. 64–G–53.

United States District Court
S. D. Texas,
Galveston Division.

Feb. 16, 1966.

Kleinecke, Nussbaum & Hines, Galveston, Tex. (Frank B. Nussbaum), Galveston, Tex., and Joseph J. Lyman, Washington, D. C., for plaintiff.

Woodrow Seals, U. S. Atty., Edward A. Copley, Atty., Tax Division, Dept. of Justice, Ft. Worth, Tex., for defendant.

MEMORANDUM AND ORDER.

NOEL, District Judge.

This case is now before the Court upon defendant's Motion to Reconsider this Court's Final Judgment as to the Third Party Complaint entered on December 22, 1964. An understanding of the merits of the parties' positions to-ward this motion will be expedited by a short recital of the history of the case to date.

The plaintiff, Joe Grasso & Son, Inc., is the owner of several shrimp boats and is engaged in commercial fishing operations for shrimp in the Gulf of Mexico. (Pre Trial Order December 20, 1965— paras. 6(B), 7, 8, 9, 10.) Plaintiff made arrangements with experienced fishermen, herein designated as "captains" to fish the boats (P.T.O. paras. 6(B), 15 and 16) under circumstances which plaintiff alleges do not constitute an employer-employee relationship under the common law tests as provided in 26 U.S.C.A. Sections 3121(d) and 3306(i). This suit is for refund of federal employment taxes paid on the earnings of these captains and their crewmen while fishing aboard plaintiff's shrimp boats from the first quarter of 1959 through September 30, 1962. In its answer the government asserts its primary position that the captains and crewmen are plaintiff's common law employees and as such plaintiff is properly subject to liability for the employment taxes paid on their earnings. With its answer defendant also filed a third party complaint against the captains of plaintiff's vessels alleging in paragraph VI thereof:

> "The defendant * * * alleges, in the alternative, that if it is determined that plaintiff was not the employer of the captains and crewmen of the fishing vessels owned by the plaintiff, then the captains of the respective vessels * * * were employers of the crewmen and are liable to the defendant * * * for the payment of FICA taxes with respect to the wages paid to such crewmen."

Both plaintiff and third party defendants filed motions to dismiss the third party complaint. These motions were granted, this Court being of the opinion that the Third Party Complaint was in fact a separate and independent action not within the purview of Rule 14(a), Fed.R.Civ.Proc. A final judgment as to

the Third Party Complaint was entered on December 18, 1964, which contained recitations intended to make it appealable under Rule 54(b).

Defendants did appeal and it was dismissed in the Court of Appeals, United States v. Egbert, 347 F.2d 987 (5th Cir. 1965), as no claim had in fact been decided on its merits as required by Rule 54(b). In a concurring opinion, United States Circuit Judge Brown expressed regret that no procedural avenue was then open to consider the Government's position on its merits as he had "Serious doubts about the trial Court's dismissal of the Government's third party impleader as improper under F.R.Civ.P. [Rule] 14(a) * * *" Defendant's Motion to Reconsider, which is now before this Court, was filed shortly after the decision in *Egbert* was rendered.

Defendant now moves this Court to take one of three suggested courses of action: (1) overturn its original order of dismissal and enter an order reinstating the Third Party Complaint; (2) treat the Third Party Complaint as original independent actions against the captains and consolidate these actions with that of the plaintiff under Rule 42(b), Fed.R.Civ.Proc.; or (3) if (1) and (2) are rejected then re-enter its Order of Dismissal designating the questions of law appropriate for interlocutory appeal under 28 U.S.C.A. Section 1292(b).

In considering defendant's first request that the Third Party Complaint be re-instated I note at the outset the Government's correct appraisal of the position of this Court on this question found on page 2 of its brief filed in the Court of Appeals:

It is thus clear that the Court below dismissed the defendant's third party complaint because it believed that, as a matter of law, the scope of Rule 14 (a) did not cover the situation embraced in the claim of the defendant."

Rule 14(a), Fed.R.Civ.Proc., provides in pertinent part that, "a defendant * * * may cause a summons and complaint to be served upon a person * * * who is or may be liable to him for all or part of the plaintiff's claim against him." The general purpose of Rule 14 is to avoid two actions which should be tried together to save the time and cost of duplication of evidence, to obtain consistent results from the same evidence, and to eliminate the handicap to a defendant of a time difference between a judgment against him and a judgment in his favor against the third party defendant. Moore's Fed. Prac. 2nd Ed., Sec. 14.04; Dery v. Wyer, 265 F.2d 804 (2nd Cir. 1959). As stated in United States v. Yellow Cab Co., 340 U.S. 543, at page 556, 71 S.Ct. 399, at page 407, 95 L.Ed. 523 (1951):

"The availability of third-party procedure is intended to facilitate * * * the trial of multiple claims which otherwise would be triable only in separate proceedings."

This purpose would be defeated if the scope of impleader were circumscribed by a requirement of identity of claims. Thus, the Courts have consistently held that impleader under Rule 14(a) does not require an identity of claims or even that the claims rest upon the same theory. American Fidelity & Casualty Co. v. Greyhound Corp., 232 F.2d 89 (5th Cir., 1956); Hubshman v. Radco, Inc., 71 F.Supp. 601 (S.D.N.Y.1947); Crum v. Appalachian Electric Power Co., 29 F.Supp. 90 (S.D.W.Va.1939).

A defendant, however, cannot assert an entirely separate claim against a third party under Rule 14. As stated in Kohn v. Teleprompter Corp., Tele–Q Corp., 22 F.R.D. 259, at 261 (S.D.N.Y. 1958):

"The courts have gone far to permit third-party claims in order to avoid multiplicity of actions even though the claim is based on a different theory from that alleged in the original complaint and the third party complaint introduces new factual issues. American Fidelity & Casualty v. Greyhound Corp., 5 Cir., 232 F.2d 89; United

States v. Scott, D.C.S.D.N.Y., 18 F.R.D. 324. In these cases, however, the facts involved in the third-party claim were substantially the same as in the original claim and there was the *element of passing on to the third-party defendant liability for the claim against the third-party plaintiff.*" (emphasis added)

The language emphasized above is merely illustrative of the fact that in practice the Courts have not strayed from the literal dictate of Rule 14(a) that only a third party who is or may be liable to the defendant for at least part of the plaintiff's claim may be impleaded under this Rule.

As applied to the facts here the question thus boils down to whether or not the captains could be liable to the Government for any part of the *plaintiff's claim* against the Government. The answer lies in the meaning of the word *claim* as employed in Rule 14. This term has been broadly defined by the Courts. The following language found in Dery v. Wyer, 265 F.2d 804 (2nd Cir., 1959) at page 807 is illustrative:

"To understand the basic theory of Rule 14 it is necessary to remember that in the Federal Rules of Civil Procedure the word 'claim' has a somewhat broader connotation than that which prior to the Rules pertained to a 'cause of action'. 'It is used to denote the aggregate of operative facts which give rise to a right enforceable in the courts.' * * * 'The theory adapted in the new rules * * * has been that the "transaction" or "occurrence" is the subject matter of a claim rather than the legal rights arising therefrom;' * * * The same aggregate or core of facts may give rise not only to rights in the plaintiff against the defendant but also to rights in the defendant against the third parties."

■■ This language taken alone and out of context could appear to support the Government's position on a kind of "boot-

strap" theory that the captain's relation to the crewmen for tax purposes is a part of the same general "transaction" or "occurrence" which gives rise to the plaintiff's action in the main claim. Such, however, cannot be the case. As stated in 3 Moore's Fed.Proc. 2nd Edition at page 512, "But a defendant cannot assert an entirely separate claim against a third party under Rule 14, even though it arises out of the same general set of facts as the main claim; *there must be an attempt to pass on to the third party all or part of the liability asserted against the defendant.*" .(emphasis added). See also: C. W. Humphrey Co. v. Security Aluminum Company, 31 F.R.D. 41 (E.D.Mich.1962). This concept is further refined by Judge Holtzoff in his article entitled "Entry of Additional Parties in a Civil Action", 31 F.R.D. 101 (1962). In pertinent part Judge Holtzoff states at page 105, "Basically, third-party practice as embodied in Rule 14 permits a defendant to assert a claim against another person who *may be liable over* to him in the event the plaintiff prevails.", and at page 106 "It (Rule 14) was amended by limiting its application to cases of *secondary liability* to the original defendant." See also: National Fire Ins. Co. of Hartford v. Daniel J. Keating Co., 35 F.R.D. 137 (W.D.Pa.1964). With this background the true meaning of the definition of the term *claim* quoted from *Dery* more clearly emerges. The question in *Dery* was whether a third party allegedly liable to indemnify the defendant for any liability found in the main cause could be impleaded under Rule 14 independent grounds of jurisdiction being absent. That Court found the third-party claim to be ancillary to the main claim as it was "merely the outgrowth of the same aggregate or core of facts which is determinative of the plaintiff's claim." No hint of an attempt can be found in *Dery* to extend the scope of the term *claim* as used in Rule 14 to allow impleader of a third party defendant who

is alleged to be *independently* as opposed to secondarily liable to the defendant. The term "claim" has merely been substituted in the federal rules as a liberal pleading device to avoid the inherent pitfalls of the more traditional phrase, "cause of action". White v. Holland Furnace Co., 31 F.Supp. 32 (S.D.Ohio 1939); Original Ballet Russe v. Ballet Theatre, 133 F.2d 187 (2nd Cir. 1943). I, therefore, conclude that impleader under Rule 14 is strictly limited to situations where the very existence of potential liability in the third party defendant is dependent upon the outcome of the action on the main claim.

■ Returning now to apply this test to the facts of the instant case, it is immediately apparent that the Government's action against the captains is not within the scope of impleader under Rule 14 as defined above. The fact that the Government would only *elect to assert* a claim against these captains if the plaintiff is successful in the main suit is far from saying that the *existence* of its claim is dependent upon this event. There is no such thing as a conditional tax statute. While both the plaintiff and the captains cannot be liable for the tax here involved, it does not automatically follow that because one is not the other is. The decision of whether to defend against the plaintiff's claim before proceeding against the captains is one entirely within the Government's domain and discretion. This is a matter of tactics. Defendant's election in this matter does not alter the fact that its action against the captains must because of its statutory nature be separate and independent from that of the plaintiff in the main claim. If the Government can establish facts which bring the captain's relationship with the crewmen within the requirements of the applicable tax statute, 26 U.S.C.A., Sections 3101 et seq., the captains are then liable for the tax. It is that simple—no more is involved. If on an estoppel theory defendant has limited its freedom of action

to proceed against the captains while it is claiming the same tax from the plaintiff this could in no way change the true nature of its claim against the captains. There is here no attempt to pass on to the captains all or part of the liability asserted by the plaintiff against the Government (Moore); no action-over or allegation of secondary liability (Holtzoff); nor can it be said that the *existence* of defendant's claim against the captains is dependent upon the outcome of the action on the main claim. Defendant's request to reinstate the Third Party Complaint is, therefore, denied.

■ Defendant next asks, as an alternative, that the Court treat the Third Party Complaint as original independent actions against the named captains and then enter an order consolidating these actions with that of the plaintiff under Rule 42(a), Fed.R.Civ.Proc. Expressing no opinion as to the propriety of treating a contingently phrased pleading as an original claim as required under Rule 8(a), Fed.R.Civ.Proc., I would in any event deny this request as I am of the opinion that consolidation would result in prejudice to the plaintiff. The degree of likelihood that the Government is correct in its proposition, that if, within the meaning of the applicable tax statutes, the plaintiff is not taxable as an employer then the captains are, must of necessity rest upon speculation. The Government's asserted "right" to have these actions combined could, in the opinion of this Court, be better characterized as a sound trial tactic. Indicative of the uncomplicated nature of the proof required in the main claim is the fact that plaintiff's motion for summary judgment is now pending. The complexity created by the addition of thirteen additional claims resting upon different theories from that of the plaintiff and each requiring its own independent proof would with certainty tend to confuse a lay jury for which under the most ideal of conditions tax problems can be "difficult enough * * * to comprehensively

understand and correctly decide." Cole v. Usry, 294 F.2d 426 (5th Cir. 1961). The plaintiff's right to win or lose solely on the merits of his own case would inevitably be prejudiced if any hint of the Government's conception that either the plaintiff *or* the captains must in all reasonable probability be liable for the tax were received by the jury. I am of the opinion that this would be unavoidable if the cases were combined. Consolidation under Rule 42(b) being discretionary with the trial court, Whiteman v. Pitrie, 220 F.2d 914 (5th Cir. 1955), I would, therefore, deny defendant's motion for consolidation. See: United States v. Knauer, 149 F.2d 519 (7th Cir. 1945), affirmed 328 U.S. 654, 66 S.Ct. 1304, 90 L.Ed. 1500; Bascom Launder Corp. v. Telecoin Corp., 15 F.R.D. 277 (S.D.N.Y.1953).

█ The Government finally requests that if its first two requests are denied the Court re-enter its order of dismissal therein designating the question of law as one appropriate for interlocutory appeal under 28 U.S.C.A., Section 1292 (b). While appeals from interlocutory orders are not generally to be favored, Vol. 1 Barron & Holtzoff's Fed.Prac. & Proc., Sec. 58, two compelling considerations indicate that this case presents a situation suitable for such an order. The first of these, of course, arises from the previously-quoted language from Judge Brown's concurring opinion in United States v. Egbert, supra.

█ It would be presumptuous after *Egbert* for this Court to do otherwise. I am in full agreement with Judge Brown that, "A useless trial is a luxury none can afford". United States v. Egbert, supra, 347 F.2d at page 988. Another equally persuasive reason for granting defendant's request for an interlocutory appeal is also present. Counsel for defendant made the following statement at the pre-trial conference held on April 9, 1965:

" * * * in the event the Court of Appeals affirms the final judgment in this case as to the third party defendants, the possibility of settlement is very, very likely.

"But until we can get that third party matter resolved, the possibility of settlement is very remote. I believe Mr. Lyman (counsel for plaintiff) shares that view about the settlement in the event that (the) Court of Appeals affirms this Court's decision."

It thus appears that while appellate decision in one direction will at least eliminate the spectre of an abortive trial a decision the other way could well result in settlement thereby easing the Court's crowded docket to an even greater extent.

Defendant's request for certification under 28 U.S.C.A., Section 1292(b) is, therefore, granted both as to this Court's denial of impleader under Rule 14(a) and to its denial of defendant's request for consolidation under Rule 42(a). Counsel for defendant will prepare an appropriate order and present it to the Court after first submitting it to plaintiff's counsel for review as to form.

Plaintiff's motion for summary judgment on which oral argument has been requested is now pending. The Court will defer all action on this motion and place this case on inactive status on the Court's docket until an appellate decision has been rendered on defendant's motion here decided or until notification is received that the Government does not elect to appeal. Upon notification by counsel that either of these conditions have occurred, this case will be re-activated.