**UNITED STATES of America,**
**Appellant,**

v.

**W. M. WEBB, INCORPORATED, et al.,**
**Appellees.**

**No. 25674.**

United States Court of Appeals
Fifth Circuit.

Nov. 6, 1968.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Harry Marselli, Robert N. Anderson, Robert I. Waxman, Attys., Dept. of Justice, Washington, D. C., Louis C. LaCour, U. S. Atty., Joan Elaine Chauvin, Asst. U. S. Atty., New Orleans, La., for appellant.

David E. Hogan, New Orleans, La., Joseph J. Lyman, Washington, D. C., for appellees.

Before COLEMAN and MORGAN, Circuit Judges, and HUNTER, District Judge.

HUNTER, District Judge:

These tax refund cases involve similar questions of law and fact, and were consolidated by agreement of the parties. The sole question presented is whether fishermen (captains and crews) operating menhaden fishing boats owned by the taxpayers, were their employees for purposes of the Federal Insurance Contributions Act (FICA) and the Federal Unemployment Tax Act (FUTA) within the meaning of Sections 3121 et seq., and 3306 et seq., of the Internal Revenue Code of 1954; 26 U.S.C.A. § 3121 et seq., and 3306 et seq. The district court, after a full trial, entered its findings of fact and conclusions of law. It concluded that for the purposes of the two Acts the fishermen were not employees of the taxpayers. The Government appeals and raises two specifications of error: First, that the district court erred in ignoring principles of general maritime law in its evaluation of the relationship between the taxpayers and the fishermen. The second error asserted that even in the absence of the principles of general maritime law, this record establishes as a matter of law that the captains and crews were employees of the respective taxpayers.

All agree that both Acts impose taxes upon employers measured by the compensation paid to employees, and as defined by the statutes for our purposes is the same. Section 3121(d) reads in pertinent part:

"The term 'employee' means—

(1) any officer of a corporation; or

(2) any individual who under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee; or * * * * 1

and Section 3306 (i) reads:

"The term 'employee' includes an officer of a corporation, but such term does not include—(1) any individual who, under the usual commonlaw rules applicable in determining the employer-employee relationship, has the status of an independent contractor or (2) any individual (except an officer of a corporation) who is not an employee under such commonlaw rules."

The present definitions of the term "employee" have a common genesis. The Supreme Court in 1947, because of a lack of decisional uniformity in defining "employee" under the Social Security Act, decided the cases of United States v. Silk, 331 U.S. 704, 67 S.Ct. 1463, 91 L.Ed. 1757; and Bartels v. Birmingham, 332 U.S. 126, 67 S.Ct. 1547, 91 L.Ed. 1947, therein setting forth broad general guidelines to courts and agencies. As a consequence of these decisions, the Treasury Department proposed a new regulation defining the employer-employee relationship on the basis of an economic reality test. This proposed regulation caused considerable criticism in Congress and led to enactment in June, 1948, of J. H. Resolution 296 (62 Stat. 438) over President Truman's veto. The legislative history of this resolution makes it clear that the Congress meant to and did emphatically reject the economic reality test proposed by the Treasury Department but did *lend* its approval of the Supreme Court decisions as they were interpreted by the Senate Committee.2 Thereafter, amendments were

---

1. "Succeeding subsections specifically include in the category of employees persons engaged in a number of quite irrelevant occupations such as agent or commission drivers distributing specified products, full time life insurance salesmen, certain home workers and traveling salesmen." United States v. Thorson, 282 F.2d 157, 158, ftn. 1 (CA–1, 1960). Fishermen were not included in this group.

2. "In view of your committee these decisions affirm that the usual common-law

enacted which redefined the term "employee." These amendments have been carried over into the Revenue Code of 1954 as heretofore quoted.[3] This common-law concept is described in the current Treasury Regulations on Employment Tax (1954) Code, Section 31.-3121(d) 1(c):

"§ 31.3121(d)–1 *Who are employees.*

\* \* \* \* \* \*

(c) *Common law employees.* (1) Every individual is an employee if under the usual common law rules the relationship between him and the person for whom he performs services is the legal relationship of employer and employee.

(2) Generally such relationship exists when the person for whom services are performed has the right to control and direct the individual who performs the services, not only as to the result to be accomplished by the work but also as to the details and means by which that result is accomplished. That is, an employee is subject to the will and control of the employer not only as to what shall be done but how it shall be done. In this connection, it is not necessary that the employer actually direct or control the manner in which the services are performed; it is sufficient if he has the right to do so. The right to discharge is also an important factor indicating that the person possessing that right is an employer. Other factors characteristic of an employer, but not necessarily present in every case, are the furnishing of tools and the furnishing of a place to work, to the individual who performs the services. In general, if an individual is subject to the control or direction of another merely as to the result to be accomplished by the work and not as to the means and methods for accomplishing the result, he is an independent contractor. An individual performing services as an independent contractor is not as to such services an employee under the usual common law rules. Individuals such as physicians, lawyers, dentists, veterinarians, construction contractors, public stenographers, and auctioneers engaged in the pursuit of an independent trade, business, or profession, in which they offer their services to the public, are independent contractors and not employees.

(3) Whether the relationship of employer and employee exists under the usual common law rules will in doubtful cases be determined upon an examination of the particular facts of each case."

Against this background the record here shows that the appellee-taxpayers, owners of menhaden fishing boats contracted verbally with captains, selected by them, to catch menhaden fish. The owners relinquished control of the boats to the captains who staffed and provisioned them as they saw fit without interference from the owners. The captains agreed, without a guarantee of earnings of any kind, to make fishing trips for a season and to return the catches to a plant designated by the owners. The boat owners paid the captains an agreed price for each 1,000 fish caught and delivered. In addition to the price paid per 1,000 fish unit, taxpayers also paid the captains an additional

---

rules, realistically applied, must be used to determine whether a person is an 'employee' for purposes of applying the Social Security Act. And properly interpreted they should resolve the conflict of lower court decisions and encourage nation-wide uniformity of application of the act." 2 U.S.C.Cong.Serv. (1948), p. 1785.

3. The legislative history of the amendments was considered by this Court in United States v. Crawford Packing Company, 330 F.2d 194, 195 (1964), and by other courts in various cases including United States v. Thorson, 282 F.2d 157, 159 (C.A.1st, 1960) ; Ringling Bros. Barnum & Bailey Com. Shows v. Higgins, 189 F.2d 865, 869 (C.A.2d, 1951); Party Cab Co. v. United States, 172 F.2d 87, 89–91, 10 A.L.R.2d 358 (C.A.7th, 1949); and Hoosier Home Improvement Co. v. United States, 350 F.2d 640 (C.A.7th, 1965).

amount per unit as a "bonus." Payments were made to the crew in such amounts as the crewmen and captain negotiated, based on the number of units of fish the crewmen helped to catch. The district judge concluded that the degree of control was not such as to create the relationship of employer-employee between the owners and the captains and crewmen.

The Government suggests that we promulgate a new test in this area by applying principles of General Maritime Law in the determination of whether the captains and crews were the employees of the respective taxpayers, and alternatively argues that even in the absence of General Maritime Law principles, the record here conclusively establishes that under the traditional "common law test" included in the regulations, the captains and crews were employees of taxpayers.

■■ Does a realistic application of common law tests require the relationship of the owners to the captains and crews be evaluated under principles of general maritime law? The " 'ancient solicitude of courts of admirality for those who labor at sea' continues unchanged, despite the progress from canvas sails to diesel engines."[4] In non-tax context when courts are asked to determine whether seamen are employees of the vessel's owner, all ambiguities or doubts are resolved in favor of the seaman. Today, the law is clear that in both categories of cases—Jones Act, and maintenance and cure—the owner of the vessel is the employer unless the vessel is held under a demise charter. The arrangements here certainly did not constitute demise charters. If we were free to apply maritime law as a test of the employer-employee relationship, we would reverse the decision of the district court. This is so because it is clear that under maritime law the captain is the agent of the owner (on the facts here) and the crew hands are employees. However, the first matter to consider in any tax case is: What are the words of the statute? The words of the statute here are clear and explicit. The determination of the relationship is to be made on the basis of common law tests. It seems questionable, at best, whether Congress, in re-affirming the use of the common law test, intended thereby to incorporate maritime law under the FICA and FUTA. Moreover, maritime law was urged as a controlling factor by the Government in United States v. Crawford Packing Company (supra). There, the proposition was extensively briefed and argued to this Court, which sustained the trial court's findings and conclusions in *Crawford,* and sub silentio rejected the government's maritime-oriented definition of "employee" for tax purposes. We note that in 1967 the Treasury Department unsuccessfully proposed to Congress that the definition of "employee" under 3121(d), Internal Revenue Code, be amended to include all captains and crewmen of commercial fishing boats, with the exception of fishermen who chartered boats from owners, who, in turn, had no interest in the catch.[5] Had the Treasury's proposal been accepted, it would have mooted the issue in this case. The Committee's rejection of the proposal indicates to us Congress's intention to retain the common law control test as the sole test for defining "employee" for tax purposes, whether they be maritime personnel or other types of employees.[6]

4. Hudspeth v. Atlantic and Gulf Stevedores, Inc., D.C., 266 F.Supp. 937.

5. Social Security Amendments of 1967, H.R. 12080, as amended by the Senate, Section 504(b) (1) (2), 90th Congress, 1st Session. It was reported out of the Senate Finance Committee, Sen.Rept. No. 744 on November 14, 1967, 90th Cong. 1st Sess., p. 320, stating that the proposed amendment "identifies captains and crew members of fishing vessels as employees for purposes of Title II of the Social Security Act * * * irrespective of the common law status of these persons. The amendment thus makes it unnecessary to determine the status of these persons under the common law rules applcable to an employer-employee relationship."

6. The bill (H.R. 12080) was referred to a committee of conference, Conference Rept. No. 1030, Dec. 11, 1967, 90th Cong., 1st Sess. The Report, at p. 74, disclosed

Questions of maritime law aside, the Government presses with vigor the argument that the facts here are such as to preclude the decision of the district court. The district court delineated with some elaboration the relationship between the owners and the captains and crewmen. We refer to the findings of that court which makes it unnecessary for us to state the facts in detail. Webb, Inc., et al. v. United States, D.C., 271 F.Supp. 249. Here, as in *Crawford*, there is no difficulty in stating that the question of status is to be determined under common law rules. This case is difficult, as have been others like it of recent vintage. The following decisions in this circuit, on facts substantially similar to those in this case, have concluded that the workers and captains were not employees within the meaning of the two acts: Crawford Packing Company v. United States, D.C., 228 F.Supp. 549, aff'd 330 F.2d 194 (5th Cir., 1964); Star Fish and Oyster Company v. United States, 223 F.Supp. 402 (S.D.Ala., 1963); Williams Packing and Navigation Company v. Enocks, 176 F.Supp. 168 (S.D.Miss., 1958), aff'd 291 F.2d 402 (5th Cir., 1961), reversed on jurisdictional grounds, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292; Williams Packing Company v. United States, Civil Action No. 2631 (S.D.Miss., 1964); Sea Garden Corporation, et al v. United States, No. 64–9–Cir–J (M.D.Fla., 1965); Gulf Boats, Inc. v. United States, No. 2368 (S.D.Miss., 1962). On the other hand, courts have concluded, also on facts close to this case, that the captains and deck hands were employees.

Jackson v. Phinney, 266 F.Supp. 835 (W.D.Tex., 1967); Kirkconnell v. United States, 347 F.2d 260, 171 Ct.Cl. 43 (1965); Cape Shore Fishing Company v. United States, 330 F.2d 961, 165 Ct.Cl. 630 (1964); Capital Trawlers, Inc. v. United States, 324 F.2d 506 (1st Cir., 1963). The excellent briefs point to many cases, but these suffice to reveal the diversity of thinking. There is a hankering for something definite and absolute, but the jurisprudence teaches us that there is no perfect and unchanging formula.

The Government's argument that a pure question of law is presented here does not conform to the weight of authority. Under the rule of Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960), a tax case, a reviewing court must affirm the district court unless it can be said that its basic findings were clearly erroneous under Rule 52(a), Federal Rules of Civil Procedure. We find that here there is ample evidence to support the finding of the district court. It might have found otherwise on the evidence adduced, but since we cannot say that those which were made were "clearly erroneous," we accept them under the mandate of Rule 52(a), F.R.C.P. Accepting these findings, the ultimate conclusion that the captains and crewmen were not employees necessarily follows. United States v. Crawford Packing Company (5th Cir., 1964), 330 F.2d 194. The judgments for the taxpayers are affirmed.[7]

that "The Senate recedes" with respect to its amendment of Section 3121(d), Internal Revenue Code. It is interesting to note that H.R. 12080, as passed by the House of Representatives, proposed various amendments to sections of the Internal Revenue Code, but no attempt was made by the House of Representatives to alter the definition of "employee" in Section 3121(d), nor was the status of fishermen mentioned. House Rept. No. 544,

August 7, 1967, 90th Cong., 1st Sess. p. 144.

7. The average crew consisted of 24 men. Each captain selected his own crew and controlled them. The question of whether or not the crew members were "employees" of the captain for the purposes of Federal Insurance Contributions Act taxes and Federal Unemployment Act taxes is not before us.