**UNITED STATES of America,
Appellant,**

v.

**W. M. WEBB, INCORPORATED, et al.,
Appellees.**

**No. 25674.**

United States Court of Appeals,
Fifth Circuit.

April 27, 1970.

Rehearing Denied June 4, 1970.

Robert N. Anderson, Robert I. Waxman, Attys., Dept. of Justice, Washington, D. C., Louis C. LaCour, U. S. Atty., Joan Elaine Chauvin, Asst. U. S. Atty., New Orleans, La., Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Harry Marselli, Attys., Dept. of Justice, Washington, D. C., for appellant.

David E. Hogan, New Orleans, La., Joseph J. Lyman, Washington, D. C., for appellees.

Before COLEMAN and MORGAN, Circuit Judges, and HUNTER, District Judge.

PER CURIAM:

On March 31, 1970, the Supreme Court of the United States rendered its opinion and issued its decree vacating the judgment of this Court and remanded for further proceedings. Taxpayers are the owners of boats used in commercial fishing. The fishing is carried out through contractual arrangements with boat captains who staff the boats and manage their day-to-day operation. The

crucial legal issue is whether the captain and crewmen are the "employees" of the owners within the meaning of the Federal Insurance Contributions Act (26 U.S.C.A. § 3101 et seq.) and the Federal Employment Tax Act (26 U.S.C.A. 3301 et seq.) This Court, 402 F.2d 956, agreed with the district court, 271 F. Supp. 249, that the statutes' prescription of "common law rules" barred application of maritime standards in making this determination. Based on that legal premise, we concluded that the decision of the district court that the captains and crewmen were not employees of the taxpayers should be affirmed.

The Supreme Court held that this Court "erred in declining to judge the status of the captains and crewmen against the standards of maritime law." This holding, coupled with our earlier conclusion that under maritime law the captain is the agent of the owner and the crew hands are employees, leaves no room for further argument as to the appropriate disposition of this case.

Accordingly, the Court denies the taxpayers' request for further proceedings here; the case is remanded to the district court with instructions to dismiss the taxpayers' complaints.