**Clinton E. GARDNER, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.

Dec. 15, 1964.

Hart, Hume & Engelman, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., New York City, for United States of America.

CROAKE, District Judge.

Plaintiff in this action seeks a refund of $3,723.90 from the United States consisting of a penalty assessment against him, pursuant to 26 U.S.C. §§ 6671, 6672. The penalty was imposed upon him for the alleged failure of Toys of the World Club, Inc., to pay over certain income taxes withheld from the salaries of its

employees to the Internal Revenue Service. The plaintiff and one Alistair Kyle were jointly assessed for the penalty because it was alleged that they were officers "required to collect, truthfully account for, and pay over such tax." The plaintiff paid the full assessed amount but denies that he was a responsible officer of the company liable for the penalty.

The United States in this application moves, pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, to implead the said Alistair Kyle for the purpose of obtaining judgment against him for the assessed penalty in the event it must make a refund to plaintiff of the amount collected.

The plaintiff opposes this application on the grounds that the claim of plaintiff against defendant is independent from the claim of defendant against Alistair Kyle, and that he will be greatly inconvenienced if defendant is permitted to implead a third party at this time.

> "It is settled that impleader under Rule 14(a) does not require an identity of claims, or even that the claims rest on the same theory." American Fidelity & Casualty Co. v. Greyhound Corp., 5 Cir., 232 F.2d 89, 92 (1956).

 If the Government is permitted to implead Alistair Kyle it will be able to determine the liability of both Alistair Kyle and plaintiff for the assessed penalty. This result would be consistent with the purpose of Rule 14(a) which is to avoid circuity and to enable disputed jural relationships that grow out of the same matter to be resolved consistently in one action. Furthermore, the delay of the United States in bringing on this motion to implead may be excused by the fact that the whereabouts of Alistair Kyle until recently were not known to the defendant. Accordingly, the motion of the defendant to implead Alistair Kyle is granted in all respects.

So ordered.