**UNITED STATES of America, Appellant,**

v.

**JOE GRASSO & SON, INC., et al., Appellees.**

**No. 23654.**

United States Court of Appeals Fifth Circuit.

July 5, 1967.

Mitchell Rogovin, Asst. Atty. Gen., Richard M. Roberts, Richard C. Pugh, Acting Asst. Attys. Gen., Lee A. Jackson, Joseph Kovner, Jonathan S. Cohen, Attys., Dept. of Justice, Washington, D. C., Morton L. Susman, U. S. Atty., James R. Gough, Asst. U. S. Atty., Woodrow Seals, U. S. Atty., John H. Baumgarten, Asst. U. S. Attys., Houston, Tex., for appellant.

Joseph J. Lyman, Washington, D. C., Robert L. Hines, Kleinecke, Nussbaum, Hines & Malloy, Galveston, Tex., for appellees.

Before HUTCHESON, COLEMAN and GOLDBERG, Circuit Judges.

HUTCHESON, Circuit Judge:

This is an interlocutory appeal growing out of a suit brought for the refund of federal employment taxes.

Joe Grasso & Son, Inc. owns seven shrimp boats used for commercial shrimp fishing in the Gulf of Mexico. Each of the boats is operated by a captain and usually two crewmen. The employment taxes were assessed against Grasso on the ground that it was the employer of these fishermen from the first quarter of 1959 through September 30, 1962.[1] In its answer to Grasso's complaint for refund, the United States brought a third party complaint against the captains,[2] alleging that if Grasso were able to put in issue facts proving that it was not the employer of the fishermen, then the same facts would demonstrate the liability of the captains for the taxes by showing an employer-employee relationship between the captains and the crewmen.[3] The district court dismissed the third party complaint made the appropriate certification for this appeal under 28 U.S.C. Sec. 1292(b),[4] and placed the case on inactive status pending appeal. We affirm the order of the district court.[5]

Whether the captains may be impleaded is controlled by the language of F.R. Civ.P. 14(a) which provides that a defendant may implead a person not a party to the action "who is or may be liable to him for all or part of the plaintiff's claim against him." Thus, in the instant case the government may implead the captains if it is found that the captains may be liable to the government for all or part of Grasso's claim against the government.

After carefully reviewing the nature and purpose of impleader under Rule 14, the district court concluded that it has been "strictly limited to situations where the very existence of potential liability in the third party defendant is dependent upon the outcome of the main claim."[6] While the court agreed that both Grasso and the captains cannot be liable for the employment taxes, it rejected the government's contention that the captains' liability would automatically follow from proof of Grasso's nonliability since the court felt that a third finding

---

1. The taxes were assessed under the Federal Insurance Contributions Act, 26 U.S.C. Sec. 3101 et seq., and the Federal Unemployment Act, 26 U.S.C. Sec. 3301 et seq.

2. Of the 28 captains named in the third party complaint, service was made only on 13.

3. See Enochs v. Williams Packing & Nav. Co., 291 F.2d 402, 405, n. 3 (5th Cir. 1961), rev'd on jurisdictional ground, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), for citation of cases in which the Labor Board has held that certain crewmen on shrimp boats were not employees of the company owning the boats, but of the captains leasing the boats.

4. The government's previous attempt to appeal was unsuccessful due to the lack of a final, appealable order. United States v. Egbert, 347 F.2d 987 (5th Cir. 1965).

5. We have asked that it be published 42 F.R.D. 329.

6. 329 F.R.D. 333.

is possible, i. e., that the crewmen are not employees of anyone. The court declared that the liability of the captains would not depend upon whether or not Grasso was an employer but only upon whether the government could establish facts bringing the captain-crew relationship within the applicable tax statutes. Of the view that the third party action therefore did not depend upon the outcome of the main claim, the court concluded that the complaint against the captains constituted a separate and independent claim. Accordingly, impleader was denied.[7]

The main thrust of the government's attack is that the district court applied and unduly restrictive definition of the key word in Rule 14, claim. Arguing that claim refers to the "aggregate of operative facts which give rise to a right enforceable in the courts", the government insists that the operative facts constituting Grasso's claim will establish, if proved, that the captains are employers and self-employed persons who are liable to the government for all Grasso's claim, namely, the employment taxes due on the sums paid to the fishermen. For this to be so, it must be assumed that the crewmen are employed either by Grasso or by the captains.

■ We can agree with the general principle, as did the court below, that use of the word "claim" in Rule 14 avoids the narrow concepts of "cause of action" and employs instead the idea of the claim as a group of operative facts giving occasion for judicial action. See Dery v. Wyer, 265 F.2d 804, 807 (2d Cir. 1959). Cf. American Fid. & Cas. Co. v. Greyhound Corp., 232 F.2d 89, 92 (5th Cir. 1956). And it is true that when the defendant's right against the third party is merely an outgrowth of the same core of facts which determines the plaintiff's claim, im-

pleader is properly used "to reduce litigation by having one lawsuit do the work of two." Falls Indus., Inc. v. Consolidated Chem. Indus., Inc., 258 F.2d 277, 283 (5th Cir. 1959). But we are also cognizant of the obverse rule, which the government seemingly ignores, that an entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does arise out of the same general set of facts as the main claim.[8] Cf. Horn v. Daniel, 315 F.2d 471, 474 (10th Cir. 1962); Kohn v. Teleprompter Corp., 22 F.R.D. 259 (S.D.N.Y.1958).

■ The question whether a defendant's demand presents an appropriate occasion for the use of impleader or else constitutes a separate claim has been resolved consistently by permitting impleader only in cases where the third party's liability was in some way derivative of the outcome of the main claim. In most such cases it has been held that for impleader to be available the third party defendant must be "liable *secondarily* to the original defendant in the event that the latter is held liable to the plaintiff." (emphasis added) Holtzoff, Entry of Additional Parties in a Civil Action, 31 F.R.D. 101, 106 (1962). Accord, Cass v. Brown, 41 F.R.D. 284, 286 (D.Colo.1966); National Fire Ins. Co. v. Daniel J. Keating Co., 35 F.R.D. 137, 139 (W.D.Pa.1964). Stating the same principle in different words, other authorities declare that the third party must necessarily be *liable over* to the defendant for all or part of the plaintiff's recovery, 1A Barron & Holtzoff, Federal Practice and Proc. Sec. 426, at 664–669, or that the defendant must attempt to *pass on* to the third party all or part of the liability asserted against the defendant, 3 Moore's para. 14.07, at 512; see Kohn v. Teleprompter, supra. Which-

---

7. The government also had requested the trial judge to treat the impleader complaint as commencing separate actions against the captains and then to consolidate these with the principal case. The motion was denied on the ground that consolidation would be prejudicial to the plaintiff's case. No appeal is taken from that order.

8. See 1A Barron & Holtzoff, Federal Practice and Procedure Sec. 424 (1960 ed.); 3 Moore's Federal Practice, para. 14.07 (2d ed. 1966).

ever expression is preferred, it is clear that impleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim.

Of course, the government does not contend that the case before us presents the usual situation where impleader is used, i. e., where the third party will be secondarily liable for the judgment against the original defendant. It tells us, however, that the liability of Grasso and the captains is so closely related that one of them will "in all likelihood" be liable for the employment taxes. The government is motivated to implead the captains by the fear that it will be whipsawed in separate trials in which both Grasso and the captains will escape liability by successfully arguing that the other is the employer.

■ We think that in order for the government to be able to implead the captains as third party defendants in this tax refund suit, it must appear that the liability of the two taxpayers is an either/or proposition as a result of the law or the facts. Such a requirement is consistent in principle with the rationale which underlies impleader as authorized by Rule 14. Although the government has been heard to contend that either Grasso or the captains must be found to be the employer of the crewmen, it has reluctantly conceded the distinct possibility that the crewmen are not employees of anyone but rather operate as independent contractors. Indeed, the government itself on a previous occasion has sought and obtained a finding that other shrimp fishermen were "independent businessmen engaged in business on their own account." Gulf Coast Shrimpers & Oystermans Ass'n v. United States, 236 F.2d 658, 662 n. 7 (5th Cir.), cert. denied, 352 U.S. 927, 77 S.Ct. 225, 1 L.Ed.2d 162 (1956). And in Local 36, International Fishermen & Allied Workers of America v. United States, 177 F.2d 320 (9th Cir. 1949), it was found that the captains and the crewmen were joint venturers. Other decisions have found that the fishermen were not employees of the owners of the vessels but have not considered whether the crewmen were employees of the captains. See United States v. Crawford Packing Co., 330 F.2d 194 (5th Cir. 1964); Williams Packing & Nav. Co. v. Enochs, 176 F.Supp. 168 (S.D.Miss.1959), aff'd 291 F.2d 402 (5th Cir. 1961), rev'd on jurisdictional ground, 370 U.S. 1, 82 S.Ct. 1125 (1962). Compare Cape Shore Fish Co., Inc. v. United States, 330 F.2d 961, 165 Ct.Cl. 630 (1964). These decisions illustrate that the determination of whether the crewmen are employees or not will turn on the facts of each case.

■ While we recognize that allowing impleader of the captains would expedite administratively the entire controversy, the government still has failed to show that the tax liability necessarily will fall upon either Grasso or the captains. The third party complaint against the captains is a separate claim for taxes, and as such must be denied. See Ethengain v. Hook, 242 F.Supp. 700 (E.D.Pa.1965). But cf. Gardner v. United States, 36 F.R.D. 453 (S.D.N.Y. 1964).

The order of the district court is affirmed.

Affirmed.