**Betty Ann B. Thompson WILKIE**

v.

**UNITED STATES of America.**

**Civ. A. No. 3-2139.**

United States District Court
N. D. Texas,
Dallas Division.

Feb. 9, 1968.

O. Jan Tyler, Dallas, Tex., for plaintiff.

Robert Trimble, Tax Atty., Dept. of Justice, Fort Worth, Tex., for the Government.

William VanDercreek, Dallas, Tex., for W. R. Thompson, third party defendant.

Conway R. Lammers, Dallas, Tex., for Tom Hill and Jeani Maloy Hill, third party defendants.

David C. McCord, Dallas, Tex., for Harry Wilson, third party defendant.

## MEMORANDUM ORDER

ESTES, Chief Judge.

Plaintiff brings this suit for refund of the amount paid in satisfaction of the Commissioner's assessment, and interest thereon, pursuant to the civil penalty imposed by § 6672 of the Internal Revenue Code of 1954, 26 U.S.C. § 6672, for failure to collect and/or pay over any tax. The statute provides in pertinent part:

"Any person required to collect, truthfully account for, and pay over any tax * * * who willfully fails to collect * * * or truthfully account for and pay over such tax, or willfully attempts * * * to evade or defeat any such tax or the payment thereof, shall * * * be liable to a penalty equal to the total amount of the tax * * *."

26 U.S.C. § 6671(b) defines "person" to include "an officer * * * of a corporation * * * who as such officer * * * is under a duty to perform the act in respect of which the violation occurs." It is said that "the Code must be construed to include all those so connected with a corporation as to be responsible for the performance of the act in respect of which the violation occurred." 8A Mertens, Federal Income Taxation § 47A.25a, at 128–29 (1964). More than one officer of a corporation may be liable for this penalty for failure of the corporation to pay over withholding and FICA taxes. Datlof v. United States, 252 F.Supp. 11 (E.D.Pa.), aff'd, 370 F.2d 655 (3 Cir. 1966).

The penalty was assessed for failure to pay over to the government the withholding and FICA taxes for the second and third quarters of 1965. The nature of the suit and the records show that plaintiff was apparently one of the corporate officers or directors during the pertinent period. The government filed a third-party complaint against the third-party defendants alleging that each had been assessed the penalty as being a "responsible person" within the meaning of the statute, and "is liable to the defendant * * * for all of the plaintiff's claim against it."

Plaintiff filed her motion to dismiss the third-party complaint pursuant to Rule 14, F.R.Civ.P., asserting this is an improper case for impleader on the ground that the third-party complaint stated a separate and distinct claim which required proof that each of the third-party defendants was the responsible officer and acted willfully.

Rule 14(a) permits "a defending party, as a third-party plaintiff, * * * [to] cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Moore, Federal Practice 2d, Vol. 3, ¶ 14.05[1], at 504 (1963) [hereinafter referred to as 3 Moore] states that the purpose of Rule 14 is "to avoid circuity of action and to settle related matters in one litigation as far as practicable."

Plaintiff moves for dismissal of the third-party complaint in reliance upon

the recent decision in United States v. Joe Grasso & Son, Inc., 380 F.2d 749 (5 Cir.1967), which affirmed the district court's dismissal of the government's third-party complaint. In a tax refund suit filed by the owner of ships against whom employment taxes had been assessed, the government based its impleader of the ship captains on the ground that if the owner was not the employer of the captains and their respective fishermen, then the facts at trial would show that the captains were employers of the fishermen. The Fifth Circuit stated that "for this to be so, it must be assumed that the crewmen are employed either by Grasso or by the captains." 380 F.2d at 751. The Circuit Court agreed that there might be a finding that the fishermen were not employed by anyone, that is, for the government to prevail, it would be necessary for the government to "establish facts bringing the captain-crew relationship within the applicable tax statutes." *Ibid.* The Court went on to state that:

> "[I]n order for the government to be able to implead the captains as third party defendants in this tax refund suit, it must appear that the liability of the two taxpayers is an either/or proposition as a result of the law or the facts." 380 F.2d at 752.

This is the exact situation in the instant case. In *Grasso*, there was a question whether there were any employees at all. Since this corporation had employees (it had been filing Form 941, the Employer's Quarterly Federal Tax Return, prior to the quarters in suit) out of whose wages certain deductions were required to be made, there is some person "responsible" for so doing. One or more of the third-party defendants "is or may be" a "responsible person," since they were *all* of the corporation's officers (except for the Thompsons' attorney, Mr. Cottingham) during the pertinent time period. If plaintiff is successful in her suit for refund, one or more of them will be liable to the government for the amount recovered by plaintiff. ·

Plaintiff's Memorandum in Support of Plaintiff's Motion to Dismiss asserts that "third-party practice has been strictly limited to those situations in which the third-party defendants automatically will be liable over to the defendant for all or part of the plaintiff's recovery * *." However, the very wording of Rule 14 indicates that there is nothing to require that the third-party defendant be "automatically liable," since it reads "is or may be liable." As is stated by Moore:

> "[T]he allegations of the third-party complaint need not show that recovery is a certainty; the complaint should be allowed to stand if, under some construction of the facts which might be adduced at trial, recovery would be possible." 3 Moore, ¶ 14.10, at 555.

Regardless of whether the recovery (if any) by plaintiff and that by third-party plaintiff rest on different theories, Moore states that "it is immaterial that the liability of the third party rests on a different theory from that underlying plaintiff's claim." Id. at 553–54. This has been well stated by the Fifth Circuit in American Fid. & Cas. Co. v. Greyhound Corp., 232 F.2d 89, 92 (5 Cir. 1956):

> "It is settled that impleader under Rule 14(a) does not require an identity of claims, or even that the claims rest on the same theory. Otherwise the purposes of the Rule would be defeated. Plainly, if the theories differ, the facts supporting each will differ, and the question is what degree of difference will be allowed in the facts relied upon. In answering this question, the purposes of the Rule, including the desire to avoid circuity of actions and to obtain consistent results, must be balanced against any prejudice which the impleaded party might suffer, and these considerations are left to the discretion of the trial court."

This is not to say that impleader is a "device for bringing into an action any controversy which may happen to have some relationship with it." 3 Moore, ¶ 14.04, at 502. A trial court would be

proper in denying third-party practice if "it would introduce an unrelated controversy or unduly complicate the case to the prejudice of the plaintiff." 3 Moore, ¶ 14.05[1], at 505. This is by no means an "unrelated controversy," and the only prejudice possible to plaintiff is that the third-party defendants might show her to be a "responsible person." This is definitely a situation in which there is a "single group or aggregate of operative facts" involved. In *Grasso,* the Fifth Circuit stated that the defendant must "attempt to *pass on*" the liability. 380 F.2d at 751. As Moore states it:

"[A] defendant cannot assert an entirely separate claim against a third party under Rule 14, even though it arises out of the same general set of facts as the main claim; there must be an attempt to pass on to the third party all or part of the liability asserted against the defendant." 3 Moore, ¶ 14.07, at 512.

The facts of this instant case indicate that there is such an "attempt to *pass on*" to the third-party defendants any liability which the defendant might incur which is quite similar to the situation in Jones v. Waterman S.S. Corp., 155 F.2d 992 (CCA 3d 1946). There a seaman sued his employer for maintenance and cure for an injury incurred by his falling into a ditch while going from his ship to the street. The defendant impleaded the railroad, which maintained the siding along which the ditch ran, alleging the railroad's negligence as the cause of injury. The Court stated:

"If * * * [defendant] will have a claim which it can assert against * * * [third-party defendant] because compelled to pay * * * [plaintiff] money which, absent * * * [third-party defendant's] negligence in relation to * * * [plaintiff], it would not have to pay, * * * [defendant] may assert that claim in the, suit at bar by way of its third-party complaint."

Id. at 997, cited in 3 Moore, ¶ 14.07, at 510. Here, the government will have a claim to assert against the third-party defendants due to its being required to repay (if plaintiff prevails) money to plaintiff which would not have been necessary but for the failure of the "responsible person" to pay the § 6672 penalty when assessed. Defendant would be liable to plaintiff only because the responsible person or persons failed to pay the assessment for which truly liable. In *Grasso,* on the other hand, there was a definite possibility that none of the persons involved would be "liable over" to the government since possibly no one was required to pay employment taxes. That is not the situation here. Someone was "responsible" for paying over withheld taxes and did not do so, and thereby a liability to the § 6672 penalty arose. This is the "either/or" liability situation envisioned by the Court of Appeals in *Grasso.* 380 F.2d at 752.

The basic reasoning and theory behind the Rule should be kept in mind, i. e., to facilitate the trial of multiple claims which would otherwise require separate proceedings. United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523 (1951). If a restrictive classical indemnity theory is read into Rule 14(a), most of the advantages intended will be sacrificed. 3 Moore, ¶ 14.07, at 509.

In the Committee's note following the 1946 Amendment to Rule 14, with regard to a third-party defendant's right to claim against the plaintiff, it is stated:

"A new sentence has also been inserted giving the third-party defendant the right to assert directly against the original plaintiff *any* claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. *This permits all claims arising out of the same transaction or occurrence to be heard and determined in the same action.*" Committee Note of 1946 to Rule 14. (Emphasis supplied)

With regard to the 1963 Amendment, the Committee note stated:

"After the third-party defendant is brought in, the court ,has discretion to

strike the third-party claim if it is obviously unmeritorious and can only delay or prejudice the disposition of the plaintiff's claim, or to sever the third-party claim or accord it separate trial if confusion or prequdice would otherwise result."

Committee Note of 1963 to Rule 14.

"Whether third-party defendants may be brought in and retained in the action is ordinarily a matter addressed to the sound discretion of the trial judge."

1A Barron & Holtzoff, Federal Practice and Procedure § 423, at 647 (Wright ed. 1960).

" * * * Of course bringing the third party in may complicate the litigation, but the power to order separate trials of separate issues, granted by Rule 42(b), should be sufficient safeguard against harm from that source."

Id. 649.

" * * * The [1963] amendment [of Rule 14(a)] also gives the court broad power to strike the third-party claim, or to order its severance or separate trial, on motion of any party."

Id. § 423, at 124 (Supp. 1967).

The bringing of all these parties into this action will prevent "the wastefulness of time, energy and money," of which the Supreme Court spoke in construing Section 1404(a) of 28 U.S.Code, allowing transfer of cases in a situation in which "two cases involving precisely the same issues are simultaneously pending in different District Courts." Continental Grain Co. v. Barge FBL–585, 364 U.S. 19, 26, 80 S.Ct. 1470, 1474, 4 L.Ed.2d 1540 (1960); and it will achieve the stated objective of the Federal Rules of Civil Procedure, Rule 1, "to secure the just, speedy, and inexpensive determination of every action."

The Court finds there is no merit to Plaintiff's Motion to Dismiss Third-Party Complaint.

It is, therefore, ordered that Plaintiff's Motion to Dismiss Third-Party Complaint is hereby denied.