578

A. David ABRAMS, Plaintiff,

v.

UNITED STATES of America, Defendant and Third-Party Plaintiff,

v.

Frank G. LEONFORTE and Julyn Sportswear, Inc., Third-Party Defendants (two cases).

Civ. Nos. 69-29, 69-30.

United States District Court, S. D. West Virginia, Beckley Division.

May 21, 1971.

James C. Higgins, Higgins & Gorman, Beckley, W. Va., for plaintiff.

Johnnie M. Walters and Helen E. Marmoll, Dept. of Justice, Washington, D. C., and W. Warren Upton, U. S. Atty., Charleston, W. Va., for defendant and third-party plaintiff.

Harold D. Brewster, Jr., Hudgins, Coulling & Brewster, Bluefield, W. Va., for Frank G. Leonforte, third-party defendant.

John T. Kay, Jr., Kay, Casto & Chaney, Charleston, W. Va., for Julyn Sportswear, Inc., third-party defendant.

## MEMORANDUM ORDER

FIELD, District Judge.

In these consolidated actions, the plaintiff Abrams, an officer of two West Virginia corporations, seeks to recover a portion of certain employment taxes assessed against him under Section 6672 of the Internal Revenue Code of 1954. The Government in each case has filed a counterclaim for the unpaid portion of the employment taxes so assessed, and additionally, filed a third-party complaint against Leonforte, also an officer of the taxpayer corporations, as well as Julyn Sportswear, Inc. The theory of liability advanced with respect to Julyn is grounded upon Section 3505 of the 1954 Code.

Julyn Sportswear, Inc., has filed its motion to vacate the third-party complaint against it, placing primary reliance upon the case of United States v. Joe Grasso & Son, Inc., 380 F.2d 749 (5th Cir. 1967). Julyn takes the position that the Government's claim based upon Section 3505 cannot appropriately be advanced in the third-party complaint in the present case under Rule 14(a) of the Federal Rules of Civil Procedure since the Government is primarily de-

fending the plaintiff's claim for a refund of an assessment under Section 6672 of the Internal Revenue Code.

Upon consideration of the arguments advanced by counsel, the Court is of the opinion that the decision in *Grasso* is distinguishable and inapposite upon the facts and issues presented in these consolidated cases. The Court is further of the opinion that a third-party complaint against Julyn is appropriate and valid. See Southern Milling Co. v. United States, 270 F.2d 80 (5th Cir. 1959); American Fidelity & Casualty Co. v. Greyhound Corp., 232 F.2d 89 (5th Cir. 1956).

It is therefore ordered that the motion of Julyn Sportswear, Inc., to vacate the third-party complaint be and the same is hereby denied.