**William H. McGEE**

v.

**UNITED STATES of America, Defendant,**

v.

**Albert J. FISLER, Third-Party Defendant.**

Civ. A. No. 39274.

United States District Court,
E. D. Pennsylvania.

Nov. 21, 1972.

On Motion for Relief from Order
Feb. 2, 1973.

William J. McKinley, Jr., Swartz, Campbell & Detweiler, Philadelphia, Pa., for plaintiff.

Warren D. Mulloy, Asst. U. S. Atty., Philadelphia, Pa., for defendant U. S.

Michael J. Stack, Jr., O'Halloran, Stack & Smith, Philadelphia, Pa., for third-party defendant, Albert J. Fisler.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

Presently before the Court is defendant's motion to alter or amend judgment pursuant to Rule 59(e), Fed.R.Civ.P. with respect to the third-party defendant, Albert J. Fisler (Fisler).[1]

William H. McGee (McGee) instituted this action to recover $393.90 paid to the defendant, the United States of America. This money was paid under protest in partial satisfaction of an assessment made against McGee in the sum of $13,530.71 [2] by the Commissioner of Internal Revenue pursuant to the civil penalty imposed by Section 6672 of the Internal Revenue Code of 1954.[3] The government filed a counterclaim against McGee in the amount of $13,136.81 plus interest. It also filed a third-party complaint pursuant to Rule 14(a), Fed.R. Civ.P. against Fisler, "a person who is liable for penalty under the Internal Revenue Code of 1954, Section 6672, should plaintiff prevail in his suit against the defendant."[4] The government gave Fisler credit for the $393.90 paid by McGee and claimed affirmative relief in the amount of $13,136.81 plus interest. Plaintiff, McGee, also filed a third-party complaint against Fisler pursuant to Rule 14(b), Fed.R.Civ.P., seeking judgment in the nature of contribution and/or indemnification should McGee be liable to the government on its counterclaim. During the course of trial, the Court dismissed the government's third-party complaint against Fisler insofar as it related to affirmative relief.

Special interrogatories were submitted to the jury, and the jury made the following findings:

1. McGee and Fisler were persons under a duty to account for and pay over the taxes due and owing from the corporation to the government.

2. McGee did not willfully fail to pay over the taxes collected for the fourth quarter of 1959.

3. Fisler did willfully fail to pay over the taxes collected for the fourth quarter of 1959.

Accordingly, judgment was entered in favor of McGee and against the government in both McGee's claim and the government's counterclaim against McGee. It was further ordered that judgment be entered in favor of the govern-

---

1. Following the entry of judgment on special interrogatories, defendant U.S.A., on May 8, 1970 filed motion to Alter or Amend judgment. On June 23, 1970 defendant filed Notice of Appeal. On October 13, 1970 the Court of Appeals granted motion as follows: "Appellant's motion for dismissal of appeal, without appellate costs to any of the parties, for the reason that appeal is premature. . . . "

 There was a protracted delay in resolution of the motion to Alter or Amend, the file having been obscured or mislaid. During this interval of delay the Court of Appeals rendered an interpretation of the Federal Rules of Civil Procedure in Schwab v. Erie Lackawanna Railroad Co., 438 F.2d 62 (3d Cir. 1971), which clarified the procedural question constituting the only issue presented by the defendant U.S.A. in its motion to Alter or Amend judgment.

 This Court invited on October 20, 1972 further Briefs of the parties and oral argument if requested. Briefs were submitted.

2. McGee and Fisler were officers of Avionics Corp. The corporation did not pay over to the United States withholding and social security taxes for the fourth quarter of 1959. A deficiency of $13,530.71 was then assessed against McGee and Fisler.

3. This section reads in pertinent part: "Any person required to collect, truthfully account for, and pay over any tax * * * who willfully fails to collect * * * or truthfully account for and pay over such tax, or willfully attempts * * * to evade or defeat any such tax or the payment thereof, shall * * * be liable to a penalty equal to the total amount of the tax * * *."

4. Defendant's Memorandum in Support of Defendant's Motion to implead Fisler as a third-party defendant.

ment against Fisler, third-party defendant.

■ The government, through its timely motion pursuant to Rule 59(e), now seeks to have the judgment against Fisler amended to include its claim for affirmative relief in the amount of $13,136.81 plus interest. A motion pursuant to Rule 59(e) destroys the finality of the judgment for purposes of appeal. See 6A Moore's Federal Practice ¶ 59.-12[1] at 3875. See also, Rodgers v. Conemaugh & Black Lick Railroad Co., 137 F.Supp. 467 (W.D.Pa.1956). "The effect of the motion . . . is to open the . . . judgment and invite the court's reconsideration of the propriety thereof." Continental Casualty Co. v. American Fidelity and Casualty Co., 186 F. Supp. 173, 180 (S.D.Ill.1959). See also, Ryans v. Blevins, 258 F.2d 945 (3rd Cir. 1958); Hutches v. Renfroe, 200 F.2d 337 (5th Cir. 1952).

The government contends that Rule 14(a), Fed.R.Civ.P. allows it to claim more from the third-party defendant (Fisler) than the plaintiff (McGee) claimed from the government. While the answer to the defendant's contention was unsettled at the time judgment was entered,[5] the subsequent decision of Schwab v. Erie Lackawanna Railroad Co., 438 F.2d 62 (3d Cir. 1971), which requires that Rule 14 be read in conjunction with Rule 18(a), now provides an answer in favor of the government. The Schwab decision, citing Wright, Federal Courts § 76 at 334 (1970), states "Thus it is now clear that, as a matter of pleading, once a defendant has asserted a claim suitable for impleader under Rule 14(a), he may join with it any and all of his other claims against the third party defendant." (p. 69) On the jurisdictional issue, the Court, citing Barron & Holtzoff, 1A Federal Practice and Procedure § 426, at 43–44 (Supp.1969), states:

"Thus defendant properly asserts a third-party claim against a third-party defendant. On well-settled principles, this claim is treated as ancillary and need not independently meet the tests of jurisdiction and venue. Under amended Rule 18(a), the original defendant may join with the claim for liability over any other claim which he has against the third-party defendant. The joinder is proper as a matter of pleading. If the additional claim arises out of the same transaction or occurrence as the claim for liability over—and thus, by hypothesis as the original claim of plaintiff against defendant—it would seem, by analogy to principles settled in other areas, that the additional claim too should be treated as ancillary for purposes of jurisdiction and venue. (Footnotes omitted.)" (pp. 69, 70)

■ Third-party defendant Fisler cites Joe Grazzo & Son, Inc. v. United States, 380 F.2d 749 (5th Cir. 1967) in support of his contention that the government should not have been permitted to implead him pursuant to Rule 14(a). Grazzo is factually dissimilar in that the third-party complaint while arising out of the same general fact pattern as plaintiff's claim, did not stem from the identical set of operative facts as plaintiff's claim. In the case at bar it was clear that the third-party defendant might be liable to the defendant on the same operative facts as the defendant might be liable to the plaintiff. It is true that the third-party defendant in the present case might not have been held liable to the defendant in the event the latter was held liable to the plaintiff because the jury might have found that the third-party defendant did not act "willfully", but Rule 14 is clearly not limited to situations where the third-party defendant will automatically be liable to the defendant for all or part of the plaintiff's claim. See 3 Moore's

5. See 3 Moore's Federal Practice ¶ 14.07 at 512; Wright and Miller, 6 Federal Practice and Procedure § 1452.

Federal Practice ¶ 14.10 at 555. The Court's determination that defendant's third-party complaint was proper in the factual context of this action is consistent with the broad purpose of Rule 14(a), which is to avoid circuity of actions. This view is supported by several recent decisions. See Abrams v. United States, 52 F.R.D. 578 (S.D.W.Va.1971); Wilkie v. United States, 279 F.Supp. 671 (N.D.Texas 1968); Crompton-Richmond Co., Inc., Factors v. United States, 273 F.Supp. 219 (S.D.N.Y.1967); Dunham v. United States, 42 F.R.D. 169 (D. Conn.1967); Monday v. United States v. Monday, 12 F.Rules Serv.2d 14a.11, case 3; Gardner v. United States, 36 F.R.D. 453 (S.D.N.Y.1964).

 While the Court's initial ruling dismissing the defendant's claim for affirmative relief constituted the law of the case, the doctrine of "law of the case" does not require this Court to perpetuate error once such error is brought to the Court's attention. Burns v. Massachusetts Institute of Technology, 394 F.2d 416 (1st Cir. 1968). In Messinger v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152, the Supreme Court through Justice Holmes stated:

> "In the absence of statute the phrase 'law of the case', as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power."

As stated in 1B Moore's Federal Practice, ¶ 0.404[1] at 407:

> "Since a lower federal court cannot by its law of the case bind a higher court having appellate jurisdiction over it, the only sensible thing for a lower federal court, including an intermediate appellate court, to do is to set itself right instead of inviting reversal above, when convinced that its law of the case is substantially erroneous. This it could not do if the theory were adopted that the law of the case had

the effect of res judicata. In addition, that theory is further impaired by the duty of a federal court to apply a new and supervening rule of applicable law, federal or state, as the case may be, so long as the action is sub judice." [footnotes omitted]

See also, Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327 (1941); Hertz v. Graham, 292 F.2d 443 (2d Cir. 1961); Boundary County, Idaho v. Woldson, 144 F.2d 17 (9th Cir. 1944); Johnson v. Cadillac Motor Car Co., 261 F. 878 (2d Cir. 1919).

To sustain the Court's initial ruling at this time would require the court to ignore the interpretation of the Federal Rules of Civil Procedure rendered by the Court of Appeals for the Third Circuit in *Schwab*. Amendment of the judgment pursuant to the Court's power under Rule 59(e), Fed.R.Civ.P. granting judgment to the defendant on its claim for affirmative relief will achieve conformity with the holding in *Schwab* without interference with the fact finding function of the jury or prejudice to any of the litigants. As recited earlier, the jury's answers to special interrogatories stated that plaintiff, McGee, and third-party defendant, Fisler, were persons under a duty to account for and pay over the taxes due and owing from the corporation to the government. The jury further found that McGee did not willfully fail to pay over the taxes collected for the fourth quarter of 1959 but that Fisler did willfully fail to pay over the taxes collected for the fourth quarter of 1959. Amending the judgment to provide damages on defendant's claim for affirmative relief does not require a further factual inquiry. While the defendant's claim, insofar as it related to affirmative relief, was dismissed on the second day of trial, plaintiff McGee was still subject to defendant's counterclaim for $13,136.81 and third-party defendant Fisler was still subject to McGee's third-party complaint pursuant to Rule

14(b), should the government have prevailed on its counterclaim against McGee. Amending the judgment now will not be prejudicial to the third-party defendant. The judgment will be amended to reflect the defendant's claim of $13,136.81 for affirmative relief.

## ON MOTION FOR RELIEF FROM ORDER

On November 21, 1972, the Court entered judgment in favor of the defendant, United States of America, and against Albert J. Fisler which included interest "according to law from the date of this Order". Presently before the Court is defendant's Motion for Relief From Order pursuant to Rule 60(b)(1) and (6), Fed.R.Civ.P. asking that relief be provided by striking from the Order and Judgment the words "from the date of this Order". In support of its motion the United States cites Sections of the Internal Revenue Code of 1954 which provide for pre-judgment interest. Section 6671(a) provides that penalty taxes (the type of taxes at issue in this action) are payable on notice and demand; Section 6601(a) provides that interest on an underpayment is at six percent per annum, and Section 6601(c)(4) provides that in any event the last date for payment is the date of notice and demand.[1]

In Glick v. White Motor Co., 317 F. Supp. 42 (E.D.Pa.1970), aff'd. 458 F.2d 1287 (3d Cir. 1972), the plaintiff filed a motion under Rule 59(e), Fed.R.Civ.P., more than 10 days after entry of judgment requesting the Court to grant pre-judgment interest pursuant to Michigan law which controlled the disposition of the case. The District Court treated the motion as timely filed under Rule 60(a), which provides for correcting "clerical mistakes". In granting the plaintiff's motion, the Court stated that Rule 60(a) is appropriate when the pre-judgment interest the plaintiff seeks is a matter of right. The Court of Appeals agreed and stated:

> "The addition of pre-judgment interest under the Michigan statute is merely a ministerial act which cannot be denied through mere inadvertence, regardlss of whether the error goes undiscovered for a period exceeding ten days. See In re Merry Queen Transfer Corp., 266 F.Supp. 605 (E. D.N.Y.); Gilroy v. Erie-Lackawanna Railroad Co., 44 F.R.D. 3 (S.D.N.Y. 1968)." (1294)

In United States v. Stuart, 392 F.2d 60, 62 (3d Cir. 1962) the Court stated, "[R]ule 60(a) is concerned primarily with mistakes which do not really attack the party's fundamental right to a judgment at the time it was entered. It permits the correction of irregularities which becloud but do not impugn it."

■■ In the present case the Court must apply the above cited sections of the Internal Revenue Code, and, therefore, the defendant's motion will be granted under Rule 60(a).

Fisler's contention that the United States is attempting to amend its complaint to include an issue not before the triers of fact is without merit. The question of whether pre-judgment interest is appropriate does not involve an issue of fact on which the jury may rule. Peter Kiewit Sons Co. v. Summit Construction Co., 422 F.2d 242 (8th Cir. 1969).

---

1. The amended answer of Albert J. Fisler, admitted "notice and demand".