Joseph P. STIBER

v.

UNITED STATES of America

v.

Rodney GARRETT and Philip V. D. McLaughlin.

Civ. A. No. 72-735.

United States District Court,
E. D. Pennsylvania.

July 24, 1973.

Norman A. Peil, Jr., Easton, Pa., for plaintiff.

R. M. Adler, Trial Atty., Dept. of Justice, Tax Div., Washington, D. C., for defendant.

MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Plaintiff, Joseph Stiber, has sued to recover $80.95 paid to the Government, pursuant to an assessment of a penalty of $26,748.37. The assessment was made against plaintiff as a "responsible person" under §§ 6671 and 6672 of the Internal Revenue Code of 1954 for failure to collect and pay over income and social security withholding taxes due from Midland-Western, Inc. for the first, second and third quarters of 1967. The Government filed a counter-claim for $26,667.42, representing the balance of the assessment and, pursuant to Rule 14(a), joined Rodney Garrett and Philip McLaughlin as third-party defendants on the theory that they are or may be liable to the Government for all or part of plaintiff's claim. Plaintiff was the comptroller of the company, Garrett was the general manager, and McLaughlin was the treasurer. Before the Court is the motion of third-party defendant Garrett to dismiss the third-party complaint.

Third-party defendant relies squarely on United States v. Joe Grasso & Sons, Inc., 380 F.2d 749 (5th Cir. 1967) for the proposition that he is not a person who is or may be liable for all or part of plaintiff's claim against defendant as required by Rule 14(a). In *Grasso*, plaintiff filed an action for a refund of a sum paid pursuant to an assessment under Section 3301 of the Internal Revenue Code of 1954. Grasso was the owner of several shrimp boats and the Government filed third-party complaints against the captains of said boats. The District Court dismissed the third-party complaints on the ground that Rule 14 is strictly limited to situations where the very existence of potential liability in the third-party defendant is dependent upon the outcome of the main claim. On appeal, the Fifth Circuit, while agreeing that the definition of the term "claim" in Rule 14(a) is very broad, affirmed, holding that:

"[A]n entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does arise out of the same general set of facts as the main claim. [380 F.2d at 751.]

\* \* \* \* \* \*

"[I]t is clear that impleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim.

\* \* \* \* \* \*

"We think that in order for the government to be able to implead the captains as third party defendants in this tax refund suit, it must appear that the liability of the taxpayers is an either/or proposition as a result of the law or the facts. Such a requirement is consistent in principle with the rationale which underlies impleader as authorized by Rule 14." 380 F. 2d 752.

In the instant case, third-party defendant argues that: (1) there are other parties, including the factor, the bank, the president of the corporation, and the remaining officers, who are potentially liable, and, therefore, liability is not an "either/or proposition" as required by *Grasso*; and (2) the determination of the Court whether plaintiff is a "responsible person" within the meaning of the Code will in no way determine the issue between the Government and third-party defendant, Garrett. Thus, for the above reasons, Garrett argues that he is not a person that may be impleaded as a third-party defendant under Rule 14(a).

In response to Garrett's argument that liability must be an "either/or proposition", the language of Rule 14(a) permits joinder where a person "is or may be liable". Under Rule 14(a), the allegations of the third-party complaint need not show that the recovery is a certainty and the complaint should be allowed to stand if, under some construction of the facts, which might be adduced at trial, recovery would be possible. 3 Moore, Federal

Practice, ¶ 14.10, at 555. Rule 14 is, therefore, clearly not limited to situations where the third-party defendant will automatically be liable to the defendant for all or part of the plaintiff's claim. Such a construction would emasculate the rule and defeat its broad, remedial purpose. Under the facts of this case, we must conclude that although other persons who have not been joined are potentially liable as responsible persons, the present third-party defendants are or may be liable for all or part of plaintiff's claim against the Government. *See* McGee v. United States, (E.D. Pa. November 21, 1972) (Hannum, J.—unreported decisions; Abrams v. United States, 52 F.R.D. 578 (S.D.W.Va.1971); Wilkie v. United States, 279 F.Supp. 671 (N.D.Tex.1968); Crompton-Richmond Co., Inc. Factors v. United States, 273 F.Supp. 219 (S.D.N.Y.1967); Monday v. United States, 12 F.R.Serv. 146 (E.D. Wis.1967).

■ Under Rule 14, the liability of the third-party must be dependent on the outcome of the main claim. United States v. Joe Grasso & Son, Inc., *supra*. Thus, in the event plaintiff prevails in the instant case, third-party defendants may be liable to the Government for all or part of plaintiff's claim which amounts to $80.95. In Schwab v. Erie Lackawanna R. Co., 438 F.2d 62, 68 (3d Cir. 1971), the Court of Appeals rejected the view that Rule 14, in and of itself, permits recovery of damages in excess of those sought by the original plaintiff in his main claim, relying on United States v. Joe Grasso & Sons, Inc., *supra*. The Court, however, continued, holding that Rule 14 must be read in conjunction with Rule 18, which provides in pertinent part:

> "[a] party asserting a claim to relief as * * * [a] third-party claim, may join, either as independent or as alternative claims, as many claims * * * as he has against an opposing party."

Under these rules, the claim is treated as ancillary, and need not independently meet the tests of jurisdiction and venue. Barron & Holtzoff, 1A Federal Practice and Procedure, § 426, at 43 (Supp.1969). In addition, the liability is "accelerated" under Rule 14, thus permitting the impleading of third-party defendants even though they are only potentially liable.

We, therefore, conclude that third-party defendant, Garrett, is or may be liable for all or part of plaintiff's claim against the Government and that by reading Rules 14 and 18 together as required by *Schwab*, the Government may seek to proceed against third-party defendant to recover the full amount of the assessment, in the event plaintiff prevails. In so concluding, we are in accord with the *Grasso* holding that Rule 14 is strictly limited to situations where the very existence of potential liability in the third-party defendant is dependent on the outcome of the main claim. In the instant case, the Government may recover against third-party defendant only in the event plaintiff prevails. Additionally, our conclusion is consistent with *Grasso* in that we are not permitting an entirely separate and independent claim to be maintained against a third-party defendant under Rule 14. The Government's claim against third-party defendants for $80.95 is identical to plaintiff's claim, and by reading Rules 14 and 18 together, as required by *Schwab*, the Government may proceed against third-party defendant for the balance of the assessment.

■■ Our conclusion is further supported by the following considerations: First, Rule 14 is remedial and should be liberally construed to achieve its purpose. 1A Barron and Holtzoff, Federal Practice and Procedure (Rules ed.), § 422, pp. 644–645. The manifest purpose of Rule 14 is to avoid circuity of action and to settle related matters in one litigation as far as practicable. See 3 Moore, Federal Practice ¶ 14.04 at p.

501; ¶ 1405 at p. 504. Schwab v. Erie Lackawanna R. Co., *supra*, at 67. In the instant case, the liability for federal taxes which have not been collected and paid over by Midland-Western can and should be resolved in a single action. In the event the third parties were not joined and plaintiff prevailed, the Government would be obliged to bring separate suits against other alleged responsible persons. Thus, it would serve the purpose of Rule 14 to have the entire claim tried in one proceeding. Secondly, the claims in this case derive from a "group or aggregate of operative facts giving ground or occasion for judicial action." See 3 Moore, Federal Practice ¶ 1407, p. 509, p. 511; United States v. Joe Grasso & Son, Inc., *supra*, 380 F.2d at 751. Here, the evidence and witnesses with respect to the third-party complaint will be substantially the same as the evidence in the plaintiff's complaint. The same corporation, the same time periods, and the same withholding tax are involved with respect to each complaint. Moreover, common questions of law are also involved. Thus, to try all claims in a single proceeding would prevent a duplication of effort for the courts, thereby serving the interests of judicial economy, convenience and fairness to the parties. Finally, the overwhelming weight of authority in the district courts would permit the joinder of third parties in responsible officer cases. McGee v. United States, (E.D.Pa. November 21, 1972); Abrams v. United States, 52 F.R.D. 578 (S.D.W.Va.1971); Wilkie v. United States, 279 F.Supp. 671 (N.D.Tex.1968); Crompton-Richmond Co., Inc. Factors v. United States, 273 F.Supp. 219 (S.D.N.Y.1967); Dunham v. United States, 42 F.R.D. 169 (D.Conn.1967) Monday v. United States, 12 F.R.Serv. 146 (E.D.Wis.1967); Gardner v. United States, 36 F.R.D. 453 (S. D.N.Y.1964). Accordingly, the motion of third-party defendant Garrett to dismiss the third-party complaint will be denied.