**Mary JOHNSON, et al., Plaintiffs,**

v.

**Peter RANK, et al., Defendants.**

**Kenneth KIZER, M.D., Director of Dept. of Health Services, Defendant & Third Party Plaintiff,**

v.

**Otis R. BOWEN, Secretary, United States Dept. of Health & Human Services, Third Party Defendant.**

No. C–84–5979 SC.

United States District Court, N.D. California.

April 11, 1986.

Altshuler & Berzon, San Francisco, Cal., Evelyn R. Frank, Legal Aid Society of Alameda Co., Oakland, Cal., for plaintiffs.

John K. Van de Kamp, Atty. Gen., Ralph Johnson, Deputy Atty. Gen., San Francisco, Cal., for defendant & third party plaintiff.

John Russionello, U.S. Atty., San Francisco, Cal., Leslie K. Shedlin, U.S. Dept. of Justice, Federal Programs Branch, for third party defendant.

## ORDER RE MOTION TO JOIN THIRD–PARTY DEFENDANT

CONTI, District Judge.

This is a class action suit seeking injunctive relief under 42 U.S.C. § 1983, Title XIX of the Social Security Act, and 42 C.F.R. § 435.832(c)(4). Plaintiffs seek to enjoin defendants from their alleged failure to properly implement federal regulations. The regulations in question require that states allow Medicaid recipients to deduct certain expenses from their available income before such income may be applied to defray nursing home costs.

The matter is presently before the court on defendant California Department of Health Service's ("DHS's") motion to join the Secretary of the United States Department of Health and Human Services ("HHS") as a third party defendant pursuant to Fed.R.Civ.P. 14(a).

## I. BACKGROUND.

42 C.F.R. §§ 435.733(c)(4)(ii) and 435.-832(c)(4)(ii) provide that medical expenses which are not covered by Medicaid but are nonetheless recognized under state law shall be deducted from the amount of an institutionalized individual's income which is available for contribution toward the cost of his or her institutional care, subject to reasonable limitations the state may establish with respect to these expenses.

The State of California originally permitted no deductions for non-covered medical expenses. By a subsequent provision, however, adopted pursuant to court order, the state permitted such deductions, but placed dollar limits on them.

In November of 1985, the original parties to this litigation entered into a judgment by consent whereby DHS agreed to remove even the dollar limits and provide retroactive payment for all non-covered medical or remedial care incurred between January 1, 1983 and April 30, 1985. The judgment further provides that for a period of six months from date of receipt, the retroactive payments are not to be considered income or resources for purposes of determining Medicaid eligibility.

Approximately one month before the parties entered into the consent agreement, a draft was sent to the Department of Health and Human Services ("HHS") for review. HHS contends that it was never subsequently notified that the draft agreement had been finalized, or that it had been entered by this court.

In February of 1986, HHS informed counsel for DHS that in its informal opinion retroactive lump sum payments would constitute income for purposes of determining eligibility for Medicaid. HHS indicated that the decree was acceptable in all other respects and contends that it has never indicated that it would refuse federal financial participation ("FFP") for the implementation of the decree.

Under federal law, payments made by a state for medical care provided to an individual whom the state has determined to be eligible for Medicaid qualify for FFP unless an erroneous payment is identified through HHS's "quality control program." 42 U.S.C. § 1396b(u). The quality control program involves sampling to determine the state's error rate. 42 C.F.R. § 431.804. A three percent eligibility error rate is permissible. *Id.* Moreover, waivers of disallowance are permitted upon a showing of a

good faith effort to reduce the error rate. *Id.*

In its present motion, DHS contends that since the Medicaid program is jointly funded with federal and state revenues, federal financial participation is required in order to fully effectuate not only the provisions of the consent judgment mandating implementation of the HHS regulations, but also the provisions granting retroactive lump sum payments to the original plaintiffs. For this reason, DHS argues that HHS should be joined as a third party defendant.

HHS, on the other hand, contends that joinder is improper for several reasons. First, HHS contends that joinder is inappropriate under Fed.R.Civ.P. 14(a) inasmuch as DHS's claims, if any, against HHS have no relation to the original plaintiffs' claims against DHS. Second, HHS contends that in any event the third party complaint is not ripe for adjudication because it is not now certain that California will ever face a disallowance or other penalty for complying with the terms of the consent judgment. For the reasons set forth below, the court agrees with HHS. Because the court finds HHS's above two arguments dispositive of the present motion, it does not address HHS's remaining arguments based on standing and exhaustion of administrative remedies.

## II. DISCUSSION.

Fed.R.Civ.P. 14(a) provides that:

At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him *for all or part of the plaintiff's claim against him.*

(Emphasis added.) The requirement that the third-party complaint arise out of the same claim which the original plaintiff asserted against the defendant/third-party plaintiff is explained by Professors Wright and Miller as follows:

In addition to the requirement that the party to be impleaded not already be a party to the action, the claim against the third-party defendant must belong to the original defendant. *And it cannot simply be an independent or related claim but must be based upon plaintiff's claim against defendant. The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough.*

Wright & Miller, *Federal Practice and Procedure: Civil* § 1446, pp. 256–57 (emphasis added; footnotes omitted). Thus, it has been held that an entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it arises out of the same general set of facts as the main claim. *See U.S. v. Grasso,* 380 F.2d 749, 751 (5th Cir.1967). *See also, Brown v. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW),* 85 F.R.D. 328, 333 (W.D.Mich. 1980).

In the present case, the original plaintiffs brought suit against DHS and the other defendants to enjoin them from their alleged failure to implement federal regulations. In contrast, the proposed third-party complaint bears no relation whatsoever to DHS's compliance with the subject regulations. Nowhere does the third-party complaint allege, for example, that HHS compelled DHS to engage in the activities which were the subject of the original plaintiffs' complaint, or to enter into the consent agreement which resolved the dispute. Rather, the third-party complaint is directed solely at the possibility that HHS will not contribute to expenditures DHS makes pursuant to a consent agreement it entered unilaterally and without notice to HHS.

█ It is thus clear that DHS's purported claim against HHS, far from arising out of the original plaintiffs' claims against DHS, does not even arise out of the same

transaction as the original claims. Accordingly, the court finds that joinder of HHS as a third-party defendant under Fed.R. Civ.P. 14(a) is not appropriate in this case.

The court further finds that even if joinder were proper, the third-party complaint would nonetheless not be ripe for adjudication. As the Supreme Court stated in *Abbot Laboratories v. Gardner:*

> Until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties, a controversy based thereon is not ripe for judicial resolution.

387 U.S. 136, 149, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1966) *See also Toilet Goods Association v. Gardner,* 387 U.S. 158, 164, 87 S.Ct. 1520, 1524, 18 L.Ed.2d 697 (1966).

▪ As HHS correctly points out, it is far from certain in the present case that DHS will ever face a disallowance of FFP for expenditures made pursuant to the consent agreement. This is so because several contingencies must occur before a disallowance of FFP will result. First, an error must be identified in HHS's quality control sampling, described above. Second, even if the quality control sampling does identify cases in which settlement payments resulted in improper determinations of eligibility (*i.e.*, even if "errors" are found), a disallowance will still not result if DHS's overall error rate is below the three percent tolerance level. Finally, even if these first two contingencies occur, DHS will still not face a disallowance if it can qualify for a waiver by showing that it made a good faith effort to reduce the error rate. *See* 42 C.F.R. § 431.804. Since none of these contingencies has yet occurred, the court finds that DHS has not shown "injury in fact" as required by Article III of the Constitution and the cases cited above in order to invoke this court's jurisdiction. Accordingly, the court finds that not only is joinder inappropriate in this case, but that the third-party complaint is not even ripe for adjudication at this time.

### III. CONCLUSION.

In accordance with the foregoing, it is hereby ordered that defendant/third-party plaintiff California Department of Health Service's motion to join the Secretary of the United States Department of Health and Human Services as a third-party defendant is denied.