# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30537

United States Court of Appeals
Fifth Circuit

**FILED**
June 4, 2015

Lyle W. Cayce
Clerk

KIANA AARON MITCHELL,

Plaintiff–Appellee,

v.

BRETT HOOD,

Defendant–Third-Party Plaintiff–
Appellee,

v.

ERNESTINE TEENA ANDERSON–TRAHAN,

Third-Party Defendant–Appellant.

Appeal from United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-5875

Before REAVLEY, JONES, and ELROD, Circuit Judges.

PER CURIAM:*

After losing a state judicial election to Ernestine "Teena" Anderson–Trahan, Kiana Aaron Mitchell sued Brett Hood, alleging that Hood distributed a defamatory postcard about Mitchell in the days immediately preceding the

---

* Pursuant to Fifth Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Cir. R. 47.5.4.

election. Hood impleaded Judge Anderson–Trahan as a third-party defendant, alleging that Judge Anderson–Trahan was responsible for placing Hood's name on the election postcard. After being impleaded, Judge Anderson–Trahan moved to dismiss the case against her under Louisiana's anti-SLAPP statute. Because Judge Anderson–Trahan's potential liability as a third-party defendant is not contingent upon Hood's liability in the original case, Judge Anderson–Trahan could not be properly impleaded into the case under the Federal Rules of Civil Procedure. Accordingly, we REMAND the case to the district court with instructions to dismiss Judge Anderson–Trahan as a party on that basis.

## I.

Mitchell and Judge Anderson–Trahan competed in a run-off in a Louisiana state judicial election that Judge Anderson–Trahan won by 266 votes. The day before the polls opened, approximately 3,000 residents of the jurisdiction received a postcard that accused Mitchell of violently attacking an "innocent pregnant woman." The postcard—in an apparent attempt to comply with election laws—indicated that it was "Paid for by B. Hood."

After the election, Mitchell hired an investigator and learned that "B. Hood" was Brett Hood of Washington, D.C. Mitchell then brought suit on four claims of "abuse of right." Hood answered, admitting that the court had personal jurisdiction over him, but denied the allegations in Mitchell's Complaint. Hood subsequently filed an amended answer and asserted the affirmative defense that the court lacked personal jurisdiction over him.

Hood also filed a third-party complaint and impleaded Judge Anderson–Trahan and Kelvin McClinton as third-party defendants. Hood alleged that he met McClinton, a supporter of Judge Anderson–Trahan's campaign, "through a social virtual football league." Hood alleged that McClinton asked Hood if Judge Anderson–Trahan could use Hood as a "reference." Hood asserted that

he had no interest in the judicial election and no knowledge of, or participation in, the creation or distribution of the postcard.  Hood then impleaded Judge Anderson–Trahan and McClinton under Rule 14 for fraud, misrepresentation, abuse of right, and injury to personal and professional reputation.

The following month, Mitchell amended her complaint to add McClinton. Mitchell's amended complaint alleged that McClinton conspired to injure Mitchell's reputation through participation in mailing the postcard.  Mitchell did not add Judge Anderson–Trahan as a defendant.  Mitchell's original complaint stated that "Anderson–Trahan has publicly denied association with the postcard" and "association with Hood and therefore is not made a party to these proceedings."  However, Mitchell's amended complaint stated that "McClinton has admitted to Hood that . . . Anderson–Trahan was associated with the design, printing, and/or mailing of the postcard."

Judge Anderson–Trahan moved to dismiss Hood's claims under Louisiana's anti-SLAPP law, La. Code Civ. P. art. 971, which aims to limit lawsuits that seek to chill speakers' First Amendment rights.  Mitchell argued that Judge Anderson–Trahan was not entitled to invoke Article 971 because Judge Anderson–Trahan was not a proper third-party defendant. Mitchell also argued that Judge Anderson–Trahan could not properly invoke Article 971 because Judge Anderson–Trahan denied making the statements in the postcard and because Article 971 can only be invoked by a defendant who embraces the relevant speech.  Hood also opposed the motion.

The district court first noted that no party had embraced the postcard or claimed that his First Amendment rights were being chilled.  Because the speaker remained unknown, the district court ordered limited discovery to develop the record as to who actually made the statement in the postcard. Judge Anderson–Trahan contended that even the limited discovery was improper and moved to bring this interlocutory appeal under 28 U.S.C.

No. 14-30537

§ 1292(b).  The district court stayed the discovery order and certified this appeal, identifying the following controlling questions of law:

1. [W]hen unknown who made a particular statement, can a defendant who adamantly denies involvement assert a special motion to strike under Article 971?

2. [C]an a third-party defendant, who also denies involvement, file a motion under Article 971 pursuant to Fed. R. Civ. P. 14(a)(2)(C) on behalf of a defendant who opposes such a motion?

3. [C]an a court allow limited discovery to determine the identity of the statement maker when that information might affect [the district court's] jurisdiction?

We granted leave to appeal under 28 U.S.C. § 1292(b).  *See Mitchell v. Hood*, 14-90020 (5th Cir. June 3, 2014).

## II.

Louisiana law governs the anti-SLAPP motion, even though it is "nominally[ ]procedural."  *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 168 (5th Cir. 2009).  We review the merits of an Article 971 motion *de novo*.  *Id.* at 169.  We review the district court's interpretation of the Federal Rule of Civil Procedure *de novo*.  *See Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich.*, 97 F.3d 822, 827 (5th Cir. 1996).

## III.

Judge Anderson–Trahan argues that under Federal Rule of Civil Procedure 12, she may move to dismiss under Louisiana's anti-SLAPP statute because as the impleaded party she may assert any defense on behalf of Hood that Hood could raise himself.[1]  Before addressing this, or any other question,

---

[1] We note that there is disagreement among courts of appeals as to whether state anti-SLAPP laws are applicable in federal court at all.  *See Abbas v. Foreign Policy Grp., L.L.C.*, 783 F.3d 1328, 1334 (D.C. Cir. 2015) (holding that the District of Columbia's anti-SLAPP law

4

we first must decide if Judge Anderson–Trahan is a properly impleaded party who is permitted to remain as a third-party defendant at all. Because we conclude that Judge Anderson–Trahan was not properly impleaded under Rule 14, she is not a proper party to this case. Therefore, we need not decide whether the anti-SLAPP defense may be asserted by either a third-party defendant or by a party who does not embrace the speech.

Federal Rule of Civil Procedure 14 permits a defending party to, "as third-party plaintiff, [bring a claim against] a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Impleader under Rule 14 is only proper if the claims asserted by the third party are derivative of the main claim—if the impleaded party is or may be liable for part of "the claim against [the original defendant.]" Impleader is *not* permitted because a third party may be liable to the original defendant for some other, independent reason. In other words, it is not enough that the impleaded claims arise from the same facts and events as the original claim; rather, for the impleaded claim to be proper, the potential liability of the third-party defendant must be contingent upon the outcome of the original claim. *See, e.g.*, *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 752 (5th Cir. 1967) ("[I]mpleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim.").

---

could not be applied in federal court in a diversity case because it conflicted with Federal Rules of Civil Procedure 12 and 56); *but see Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013) (holding that California's anti-SLAPP statute is applicable in federal court); *Godin v. Schencks*, 629 F.3d 79, 88 (1st Cir. 2010) (holding that Maine's anti-SLAPP statute could be applied in the district court because Federal Rules of Civil Procedure 12 and 56 are not so broad as to "attempt[ ] to answer the same question" as the statute) (alteration in original). Because we decide this case on alternative grounds, we need not decide whether Louisiana's anti-SLAPP law is appropriately asserted in a federal diversity case.

No. 14-30537

Hood's claims against Judge Anderson–Trahan are not contingent upon Mitchell's claims against Hood.  Mitchell initially sued Hood for a variety of claims, based on allegations that Hood designed, printed, and distributed the postcard that attacked Mitchell with alleged false and defamatory statements. Hood then impleaded Judge Anderson–Trahan, bringing claims that Judge Anderson–Trahan was liable to Hood for fraud, misrepresentation, abuse of right, identity theft and invasion of privacy, because Judge Anderson–Trahan placed Hood's name and address on the postcard.

As a factual matter, whether Mitchell proves that Hood made defamatory statements in the postcard does not govern Hood's claims against Judge Anderson–Trahan.  Hood's claims against Judge Anderson–Trahan for putting Hood's name on the postcard may succeed or fail in a scenario where Mitchell's claims against Hood succeed or a scenario where Mitchell's claims against Hood fail.  Judge Anderson–Trahan is no more or less liable to Hood based upon Hood's liability to Mitchell.

Furthermore, Hood has not asserted that his claims against Judge Anderson–Trahan are derivative of Mitchell's claims against Hood.  Hood does not seek damages from Judge Anderson–Trahan contingent upon his liability on Mitchell's claims.  In fact, Hood specifically alleges that he has been harmed by Judge Anderson–Trahan simply by becoming embroiled in this conflict, and the existence of Mitchell's lawsuit, regardless of whether Mitchell prevails. Hood's claims against Judge Anderson–Trahan stand on their own, and Hood's amended complaint does not limit his claims to mitigating any damages that he may need to pay to Mitchell.

Because Judge Anderson–Trahan is not a properly impleaded party under Rule 14, she must be dismissed as a party.  Therefore, we need not address whether Louisiana's anti-SLAPP statute may be raised by a third party on behalf of an original defendant.  Nor do we address whether a party

must embrace the speech at issue in order to assert a defense under the anti-SLAPP statute.  The district court also certified the question of whether it could allow limited discovery to uncover the identity of the speaker so that the district court could assess its jurisdiction.  This question is now moot and we need not resolve it.  Because we hold that Judge Anderson–Trahan was not a properly impleaded party under Rule 14, she must be dismissed.

This case is REMANDED to the district court for proceedings not inconsistent with this opinion.